RADER, Circuit Judge.
 

 Mr. Machado appeals from the June 4, 1990 order of the United States Court of Veterans Appeals (Veterans Court). The Veterans Court dismissed his appeal as untimely under 38 U.S.C. § 4066(a) (1988). This court affirms.
 

 BACKGROUND
 

 Mr. Machado received disability benefits from the Veteran’s Administration (VA) beginning in 1985 for a service-connected hip injury.
 
 *
 
 In 1988 Mr. Machado appealed to the Board of Veterans’ Appeals (Board) from the VA’s administrative denial of a benefits increase. Mr. Machado had the opportunity to testify before the Board and to comment on the VA’s Supplemental Statement of the Case (SSOC). The SSOC is a summary of the evidence considered and judgments rendered by the VA. 38 U.S.C. § 4005(d)(1).
 

 The Board upheld the VA’s disability ruling, denying Mr. Machado’s claim for additional benefits. The Board mailed its decision to Mr. Machado on September 14, 1989. The Board’s decision contained no notice of appeal procedures. To appeal to the Veterans Court, a potential appellant must file a notice with the court within 120 days after the date the Board mails its decision. 38 U.S.C. § 4066(a). The 120-day limit in Mr. Machado’s case expired on January 12, 1990. On February 5, 1990, Mr. Machado filed his notice of appeal together with a Motion for Enlargement of Time to File Appeal with the Veterans Court. This motion came 23 days after the deadline for filing notices of appeal. Mr. Machado stated that he was unaware of his appeal rights during the running of the 120-day period. He further alleged that he
 
 *391
 
 had learned of the 120-day limit on January 18, 1990.
 

 The Veterans Court denied Mr. Macha-do’s motion and dismissed his appeal. Mr. Machado appealed the denial of his motion to this court.
 

 DISCUSSION
 

 The Veterans’ Judicial Review Act, 38 U.S.C. § 4051 (1988) (Act), created an independent Court of Veterans Appeals under Article I of the United States Constitution. Before the 1988 Act, Congress had specifically exempted VA benefit determinations from judicial review. Section 211(a) of Title 38 stated that VA benefits decisions “shall be final and conclusive and no other official or any court of the United States shall have power to review any such decision by an action in the nature of mandamus or otherwise.” 38 U.S.C. § 211(a) (1958).
 

 According to the Act, the new Veterans Court may review “conclusions, rules and regulations issued or adopted by the Administrator, the Board of Veterans’ Appeals, or the Chairman of the Board....” 38 U.S.C. § 4061(a)(3). The Veterans Court has plenary jurisdiction to review issues of law appealed from the Board, 38 U.S.C. § 4061(a)(1), and reviews factual determinations under a clearly erroneous standard. 38 U.S.C. § 4061(a)(4). The Act authorized this court to review non-factual decisions of the Veterans Court. 38 U.S.C. §§ 4092(c), 4092(d)(2).
 

 The Act provided a specific time limit for this new right to appeal a Board decision:
 

 In order to obtain review by the Court of Veterans Appeals of a final decision of the Board of Veterans’ Appeals, a person adversely affected by that action must file a notice of appeal with the Court. Any such notice must be filed within 120 days after the date on which notice of the decision is mailed....
 

 38 U.S.C. § 4066(a). Because Mr. Macha-do’s motion was untimely, the Veterans Court correctly determined that it could not grant the motion nor entertain the appeal. Section 4066(a) plainly makes compliance with the 120-day limit a prerequisite to Veterans Court review and does not authorize the court to extend that time.
 

 Mr. Machado argues that the Board denied him due process of law by failing to notify him of his appeal rights. Mr. Ma-chado received, however, all the process which Congress had granted to cases prior to this Act. The Constitution provides no right to be notified of the timing of judicial appeal procedures. The cases Mr. Macha-do cites for this proposition do not apply to judicial appeals. In those cases
 
 (see
 
 e.g.,
 
 Goldberg v. Kelly,
 
 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970)), the Government attempted to employ administrative procedures to affirmatively deprive a citizen of protected liberty or property interests and thus eliminated a protected right. Therefore, in this case, Mr. Machado received all the process to which he was due.
 

 Mr. Machado further relies on 38 C.F.R. § 19.114 Rule 14 which states that the agency of original jurisdiction has a duty to inform claimants of their right to appeal. The “agency of original jurisdiction,” as defined in 38 C.F.R. § 19.118 Rule 18, was the VA’s Hartford, Connecticut Regional Office, not the Board. Section 19.118 Rule 18 states:
 

 A written communication from a claimant or the representative expressing dissatisfaction or disagreement with an adjudicative determination of an agency of original jurisdiction (the Veterans Administration regional office, medical center or clinic which notified the claimant of the action taken) will constitute a notice of disagreement.
 

 Thus, the “agency of original jurisdiction” in Mr. Machado’s case is the VA’s regional office at Hartford, Connecticut. The regional office continually apprised Mr. Ma-chado of his rights in proceedings before the Board. Mr. Machado does not complain of inadequate notice from the regional office.
 

 38 C.F.R. § 19.114 Rule 14 does not cover Mr. Machado’s complaint about inadequate notice from the Board. The Board was not the “agency of original jurisdic
 
 *392
 
 tion.” Rather the Board was the forum to which Mr. Machado appealed the decision of the agency of original jurisdiction. Because it was not the “agency of original jurisdiction” in this case, the Board had no duty to notify Mr. Machado of his appeal rights to the Veterans Court.
 

 The 1988 Act did not require the Board to inform parties of Veterans Court appeal deadlines. In 1989, Congress amended the Act to require such notification:
 

 In the case of a decision by the Secretary under section 211(a) of this title affecting the provision of benefits to a claimant, the Secretary shall, on a timely basis, provide to the claimant (and to the claimant’s representative) notice of such decision.
 
 The notice shall include an explanation of the procedure for obtaining review of the decision.
 

 38 U.S.C. § 3004(a) (1989) (emphasis added). This amendment became effective on January 31, 1990 — 18 days after Mr. Ma-chado’s time to appeal had expired. Thus, this 1989 amendment does not apply to Mr. Machado’s appeal. The Board had no obligation to notify him of appeal rights. The Board did not violate any statutory or constitutional duty by failing to notify Mr. Machado of appeal rights.
 

 CONCLUSION
 

 The Court of Veterans Appeals correctly denied Mr. Machado’s motion for enlargement of time to file his appeal. The Veterans Court’s judgment is
 

 AFFIRMED.
 

 *
 

 On March 15, 1989, the Veteran’s Administration became the Department of Veteran’s Affairs.