954 F.2d 732
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Graydon Roger BOLES, Petitioner/Appellant,
v.
Edward J. DERWINSKI, Secretary of Veterans Affairs,
Respondent/Appellee.
 No. 91-7072.
 United States Court of Appeals, Federal Circuit.
 Oct. 11, 1991.
 
 Before PAULINE NEWMAN, MAYER and MICHEL, Circuit Judges.
 ORDER
 MICHEL, Circuit Judge.
 
 
 1
 The Secretary of Veterans Affairs asserts that this court lacks jurisdiction over the sole issue presented on appeal. We agree and dismiss for lack of jurisdiction.
 
 
 2
 On May 2, 1990, the Board of Veterans Appeals denied Boles' second claim for entitlement to "service connection" for an alleged acquired psychiatric disorder, including post-traumatic stress disorder. The Board reaffirmed that his schizophrenia was not incurred in or aggravated by active service and determined that no new factual basis warranting entitlement had been presented. On April 22, 1991, the Court of Veterans Appeals, in No. 90-524, summarily affirmed the Board's decision.
 
 
 3
 The Veterans Judicial Review Act bars this court from reviewing "a challenge to a factual determination, ... or a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 4092(d)(2) (1988), redesignated as § 7292(d)(2).* Because Boles' informal brief focuses upon his disagreement with factual determinations of the Board, as affirmed by the Court of Veterans Appeals, and because he does not present a bona fide challenge to a "question of law," our review is barred. 38 U.S.C. § 4092(d)(1) (1988), redesignated as § 7292(d)(2). In answer to question three of the informal brief, "[d]id the trial court apply the wrong law?," Boles responds, "[p]erhaps the COVA did apply the wrong law.... Petitioner is of the opinion that 38 C.F.R. § 3.102 and § 3.103(b) [sic] should be applied." Boles' challenge thus clearly concerns only the application of the regulations of the facts of his case.
 
 
 4
 In the recent decision of Machado v. Derwinski, 928 F.2d 389, 391 (Fed.Cir.1991), we held that the Veterans Judicial Review Act "authorize[s] this court to review non-factual decisions of the Veterans Court" (emphasis added). As Boles challenges only factual decisions made by the Veterans Court, Boles' appeal falls beyond the limited jurisdiction of this court. Cf. Lee v. Office of Personnel Management, 762 F.2d 987, 988 (Fed.Cir.1985) (dismissing for lack of jurisdiction where a single factual issue was presented on appeal, because review of factual determinations by Office of Personnel Management in disability cases is barred).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 The appeal is dismissed for lack of jurisdiction.
 
 
 
 *
 See Department of Veterans Affairs Health-Care Personnel Act of 1991, Pub.L. No. 102-40, § 402(b)(1), 105 Stat. 187, 238-39