954 F.2d 732
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Tommy D. THOMPSON, Petitioner-Appellant,
v.
Edward J. DERWINSKI, Secretary of Veterans Affairs,
Respondent-Appellee.
 No. 91-7063.
 United States Court of Appeals, Federal Circuit.
 Oct. 15, 1991.
 
 Before PLAGER, CLEVENGER and RADER, Circuit Judges.
 
 ORDER
 PER CURIAM
 
 1
 In his informal brief, the Secretary of Veterans Affairs (VA) moves to dismiss the appeal of Tommy D. Thompson for lack of jurisdiction over the sole issue presented on appeal. We dismiss.
 
 
 2
 On March 2, 1990, the Board of Veterans Appeals denied Thompson's tenth claim for entitlement to "service connection" for a back disorder. In the initial claim, the Board concluded that the defect in Thompson's vertebra "clearly and unmistakenly" existed prior to Thompson's service and that the preexisting vertebral defect was not aggravated during service. In each of Thompson's reopened claims, the Board determined that Thompson's new evidence did not provide a factual basis for disturbing the original decision. On March 1, 1991, the Court of Veterans Appeals, No. 90-291, summarily affirmed the Board's decision.
 
 
 3
 Pursuant to 38 U.S.C. § 4092(d)(1) and (2), redesignated as § 7292(d)(1) and (2),[1] this court may not generally review challenges to factual determinations. See Machado v. Derwinski, 928 F.2d 389, 391 (Fed.Cir.1991) ("The Act authorized this court to review non-factual decisions of the Veterans Court"). Here, Thompson only seeks review of the factual determinations of the Board, as affirmed by the Court of Veterans Appeals. Indeed, in response to question number two of the informal brief where Thompson may challenge legal errors, Thompson replies "N/A."
 
 
 4
 Although we have jurisdiction to review final decisions of the Court of Veterans Appeals, we are barred from reviewing challenges to factual determinations. Because Thompson only challenges factual determinations, we conclude that dismissal is appropriate.[2]
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 The motion to dismiss is granted.
 
 
 
 [1]
 See Department of Veterans Affairs Health-Care Personnel Act of 1991, Pub.L. 102-49, § 402(b)(1), 105 Stat. 187, 238-39 (May 7, 1991)
 
 
 [2]
 In analogous circumstances, where our review of factual determinations in Office of Personnel Management disability cases is barred, the court has dismissed for lack of jurisdiction over the sole factual issue presented on appeal. Lee v. Office of Personnel Management, 762 F.2d 987 (Fed.Cir.1985)