954 F.2d 732
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Pacora R. POBRE, Petitioner/Appellant,
v.
Edward J. DERWINSKI, Secretary of Veterans Affairs,
Respondent/Appellee.
 No. 91-7057.
 United States Court of Appeals, Federal Circuit.
 Nov. 13, 1991.
 
 Before RICH, Circuit Judge, SKELTON, Senior Circuit Judge, and MAYER, Circuit Judge.
 ORDER
 PER CURIAM.
 
 
 1
 In his informal brief, the Secretary of Veterans Affairs moves to dismiss the petition of Pacora R. Pobre on the ground that Pobre is challenging factual determinations we may not review. We dismiss.
 
 
 2
 On August 15, 1989, the Board of Veterans Appeals denied Pobre's claim for service-connected entitlement to veteran's benefits based on the death of her spouse. The Board concluded that the service-connected disability did not cause or contribute substantially or materially to the cause of the veteran's death. The Board determined that documents submitted by Pobre to prove that her husband's 1986 death was a continuum of a 1946 and 1947 service-connected disorder were "highly questionable." On February 8, 1991, the Court of Veterans Appeals, No. 90-112, summarily affirmed the Board's decision.
 
 
 3
 Pursuant to 38 U.S.C. § 4092(d)(1) and (2), redesignated as § 7292(d)(1) and (2),[1] this court may not generally review challenges to factual determinations. See Machado v. Derwinski, 928 F.2d 389, 391 (Fed.Cir.1991) ("The Act authorized this court to review non-factual decisions of the Veterans Court"). Here, Pobre only seeks review of the factual determinations of the Board, as affirmed by the Court of Veterans Appeals. The only issue raised by Pobre on appeal is whether the Board correctly found that the documents she submitted were not credible.
 
 
 4
 Although we have jurisdiction to review final decisions of the Court of Veterans Appeals, we are barred from reviewing challenges to factual determinations. Because Pobre only challenges factual determinations, we conclude that dismissal is appropriate.[2]
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 The motion to dismiss is granted.
 
 
 
 [1]
 See Department of Veterans Affairs Health-Care Personnel Act of 1991, Pub.L. 102-40, § 402(b)(1), 105 Stat. 187, 238-39 (May 7, 1991)
 
 
 [2]
 In analogous circumstances, where our review of factual determinations in Office of Personnel Management disability cases is barred, the court has dismissed for lack of jurisdiction over the sole factual issue presented on appeal. Lee v. Office of Personnel Management, 762 F.2d 987 (Fed.Cir.1985)