950 F.2d 732
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Walter EVANS, Jr., Petitioner-Appellant,
v.
Edward J. DERWINSKI, Secretary of Veterans Affairs,
Respondent-Appellee.
 No. 91-7062.
 United States Court of Appeals, Federal Circuit.
 Nov. 27, 1991.
 
 Before NIES, Chief Judge, and PLAGER and LOURIE, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Walter Evans, Jr., appeals from the April 4, 1991, decision of the United States Court of Veterans Appeals, No. 90-127, affirming a decision of the Board of Veterans Appeals that denied Evans an increase in benefits over those he is now receiving based on a 60 percent disability rating. We affirm.
 
 OPINION
 
 2
 Evans claims entitlement to a higher disability rating by reasons of (1) service-connected hypertension, and (2) greater disability than that now assessed for post-traumatic stress disorder and bilateral pes planus. He also asserts that his service-connected disorders preclude him from substantial gainful employment so that he should be given a total rating for compensation purposes based on individual unemployability. The Veterans Court affirmed the Board's decision denying these claims.
 
 
 3
 Our review shows that the regional office, the Board and the Veterans Court have given Mr. Evans' claims the most careful consideration. The Board has rendered decisions on his unemployability claim previously in November 1973, March 1978, February 1980, March 1982, and October 1988. The regional office had also previously rejected his claim that his hypertension condition was service connected, a ruling not appealed at the time. However, the Board considered that claim on the merits de novo in the appealed decision and rejected it. His disability for pes planus is evaluated at the highest level, 50 percent.
 
 
 4
 To the extent Mr. Evans asks us to reevaluate the presence or severity of particular conditions in fact, we are unable to do so. Pursuant to 38 U.S.C. § 4092(d)(1) and (2), redesignated as § 7292(d)(1) and (2),* this court may not review challenges to factual determinations. See Machado v. Derwinski, 928 F.2d 389, 391 (Fed.Cir.1991) ("The Act authorized this court to review non-factual decisions of the Veterans Court.").
 
 
 5
 Evans also lists several statutes and regulations in his informal brief and generally challenges the legal conclusions in the appealed decisions. However, we are unable to discover any legal error in the decisions appealed. Because no error of law has been shown, we affirm.
 
 
 
 *
 See Department of Veterans Affairs Health-Care Personnel Act of 1991, Pub.L. No. 102-40, § 402(b)(1), 105 Stat. 187, 238-239 (May 7, 1991)