951 F.2d 1266
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Linda D. COLE, Petitioner/Appellant,
v.
Edward J. DERWINSKI, Secretary of Veterans Affairs,
Respondent/Appellee.
 No. 91-7070.
 United States Court of Appeals, Federal Circuit.
 Dec. 10, 1991.
 
 Before RICH, MICHEL and PLAGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Linda D. Cole appeals from the April 30, 1991 order of the Court of Veterans Appeals, Docket No. 90-1044, dismissing her appeal for lack of jurisdiction. We affirm.
 
 DISCUSSION
 
 2
 On May 4, 1989, the Board of Veterans Appeals denied Cole's appeal concluding that Cole had knowingly made and presented false statements in support of a claim for Veterans Administration (VA) benefits and therefore had forfeited all VA rights, claims and benefits. More than 16 months after the Board decision was mailed, on September 25, 1990, Cole filed a notice of appeal with the Court of Veterans Appeals.
 
 
 3
 The jurisdiction of the Court of Veterans Appeals is specifically limited by the Veterans' Judicial Review Act, 38 U.S.C. § 4051, et seq. (1988), redesignated as § 7251, et seq., to cases where a notice of appeal is filed within 120 days of the mailing date of the decision being appealed. 38 U.S.C. § 4066(a) (1988), redesignated as § 7266(a); Machado v. Derwinski, 928 F.2d 389, 391 (Fed.Cir.1991). Here, the notice of appeal was filed a year beyond the statutory deadline. Additionally, Cole's notice of disagreement must have been filed on or after November 18, 1988 for the Court of Veterans Appeals to have jurisdiction, 38 U.S.C. § 4051, redesignated as § 7251, but the record reveals that it was filed on October 17, 1987. For both reasons, the Court of Veterans Appeals' conclusion that it lacked jurisdiction over Cole's appeal was correct as a matter of law.