951 F.2d 1267
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Monica R. HALES, Petitioner-Appellant,
v.
Edward J. DERWINSKI, Secretary of Veterans Affairs,
Respondent-Appellee.
 No. 91-7071.
 United States Court of Appeals, Federal Circuit.
 Dec. 18, 1991.
 
 Before NIES, Chief Judge, and RICH and ARCHER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Monica R. Hales appeals from the May 1, 1991 order of the Court of Veterans Appeals, No. 90-1227, dismissing her appeal because she did not timely file a notice of appeal. We affirm.
 
 OPINION
 
 2
 On May 2, 1990, the Board of Veterans Appeals issued a decision denying Hales entitlement to recognition as the widow of Blaine A. Hales, a deceased veteran. Hales filed a notice of appeal with the Court of Veterans Appeals on October 24, 1990. Hales informed the Court of Veterans Appeals that she was incapacitated with recurring dizzy spells and, thus, did not file her notice of appeal within the prescribed 120-day appeal period. On May 1, 1991, the Court of Veterans Appeals dismissed Hales' appeal for failure to file a notice of appeal as required by 38 U.S.C. § 4066(a), redesignated as § 7266(a) by the Department of Veterans Affairs Health Care Personnel Act of 1991, Pub.L. No. 102-40. § 402(b)(1), 105 Stat, 187, 238 (1991).
 
 
 3
 38 U.S.C. § 4066(a) governing notices of appeal to the Court of Veterans Appeals specifically requires a party seeking review of a Board of Veterans Appeals decision to file a notice of appeal "within 120 days after the date on which notice of the decision is mailed." Section 4066(a) plainly makes compliance with the 120-day limit a prerequisite to review by the Court of Veterans Appeals and does not authorize that Court to extend the time. Machado v. Derwinski, 928 F.2d 389, 391 (Fed.Cir.1991). Hales filed her notice of appeal nearly two months after the 120-day deadline had passed. Because Hales' notice was untimely, the Court of Veterans Appeals correctly determined it could not entertain her appeal and granted the Secretary's motion to dismiss. Accordingly, we affirm the Court of Veterans Appeals' dismissal of Hales' appeal.*
 
 
 
 *
 In the alternative to urging affirmance of the Court of Veterans Appeals' order, the Secretary suggests that we should dismiss Hales' appeal for lack of jurisdiction because the Court of Veterans Appeals' jurisdictional ruling was a factual question that we cannot review. We disagree. Jurisdiction is a question of law and as such we review de novo the Court of Veterans Appeals' decision as to its jurisdiction. See Nichimen America, Inc. v. United States, 938 F.2d 1286 (Fed.Cir.1991). See also Machado v. Derwinski, 928 F.2d 389 (Fed.Cir.1991) (reviewing as a matter of law the Court of Veterans Appeals' order dismissing a case for lack of jurisdiction)