954 F.2d 734
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
William L. STEFFENS, Petitioner-Appellant,
v.
Edward J. DERWINSKI, Secretary of Veterans Affairs,
Respondent-Appellee.
 No. 91-7067.
 United States Court of Appeals, Federal Circuit.
 Jan. 24, 1992.
Rehearing Denied Feb. 18, 1992.
 
 Before RICH, ARCHER and LOURIE, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 William L. Steffens, a/k/a/ Honor M. Hughes (Steffens), appeals from the August 31, 1990 order of the Court of Veterans Appeals, No. 89-102, dismissing his case because he did not file a Notice of Disagreement (NOD) after November 18, 1988. We affirm on alternative grounds.
 
 OPINION
 
 2
 On May 30, 1989, the Board of Veterans Appeals granted Steffens a 70 percent rating for service-connected psychiatric disability, denied Steffens' claims that his defective hearing and the residuals of a gunshot wound were service-connected, and denied Steffens' claim for a total rating based on unemployability. Steffens filed a notice of appeal with the Court of Veterans Appeals on November 20, 1989. The veterans court dismissed Steffens' appeal on the ground that Steffens had not filed a NOD after November 18, 1988.[1]
 
 
 3
 Pursuant to 38 U.S.C. § 4066(a), redesignated as 7266(a):
 
 
 4
 In order to obtain review by the Court of Veterans Appeals of a final decision of the Board of Veterans' Appeals, a person adversely affected by that action must file a notice of appeal with the Court. Any such notice must be filed within 120 days after the date on which notice of the decision is mailed pursuant to section 4004(e) of this title.
 
 
 5
 The Board mailed Steffens its decision on May 30, 1989. Steffens' November 20, 1989 notice of appeal, filed more than five and a half months later, was clearly filed beyond the 120-day appeal period. Section 4066(a) "plainly makes compliance with the 120-day limit a prerequisite to Veterans Court review." Machado v. Derwinski, 928 F.2d 389, 391 (Fed.Cir.1991). Accordingly, the Court of Veterans Appeals correctly dismissed Steffens' appeal for lack of jurisdiction.[2]
 
 
 
 [1]
 By its terms, the Veterans' Judicial Review Act of 1988, 38 U.S.C. § 4051 et seq., redesignated as § 7251, under which Steffens sought review, applies only to cases where a party files a NOD on or after November 18, 1988
 
 
 [2]
 Because we affirm the Court of Veterans Appeals' order on this ground, we need not address the timeliness of the NOD