PER CURIAM.
 

 Gregonia M. Espelita appeals from the March 21, 1991 order of the United States Court of Veterans Appeals, 1 Vet.App. 385, dismissing her case for lack of jurisdiction.
 

 On May 4, 1990, the Board of Veterans Appeals denied service-connection for the cause of death of Espelita’s spouse, a veteran. On September 7, 1990, the Court of Veterans Appeals received Espelita’s notice of appeal. The Court of Veterans Appeals dismissed Espelita’s case because the notice of appeal was filed more than 120 days after the mailing date of the Board of Veterans Appeals’ decision.
 

 Pursuant to 38 U.S.C. § 7266(a) (formerly § 4066(a)):
 

 In order to obtain review by the Court of Veterans Appeals of a final decision of the Board of Veterans’ Appeals, a person adversely affected by that action must file a notice of appeal with the Court. Any such notice must be filed within 120 days after the date on which the notice of the decision is mailed pursuant to section 7104(e) of this title.
 

 Espelita argued that § 7266 mandates that
 
 “the notice of Appeal must be filed
 
 (not ‘received’!) with the court within the statutory appeal period of 120 days” (emphasis in original). Espelita states that her notice
 
 *1053
 
 of appeál was mailed on August 29, 1990 and
 
 “it is the postmark that governs as to the date of
 
 filing” (emphasis in original).
 

 COVA Interim R. 25(a), the rule in effect at the time the Board of Veterans Appeals mailed its decision, states that all papers, other than briefs and appendices, “mailed to the Clerk shall not be timely filed unless the papers are
 
 received
 
 by the Clerk within the time fixed for filing” (emphasis added).
 
 [2]
 
 The Board mailed Espelita its decision on May 4, 1990. The Court of Veterans Appeals received Espelita’s notice of appeal on September 7,1990. Hence, Espe-lita’s notice of appeal was filed six days beyond the 120-day appeal period.
 

 Section 7266(a) “plainly makes compliance with the 120-day limit a prerequisite to Veterans Court review.”
 
 Machado v. Derwinski,
 
 928 F.2d 389, 391 (Fed.Cir.1991). Moreover, COVA Interim Rule 3(a) is analogous to Fed.R.App.P. (3)(a). The latter rule “conditions federal appellate jurisdiction on the filing of a timely notice of appeal.”
 
 See Smith v. Barry,
 
 — U.S. —,—, 112 S.Ct. 678, 681, 116 L.Ed.2d 678 (1992). Accordingly, the Court of Veterans Appeals correctly dismissed Espeli-ta’s appeal for lack of jurisdiction.
 

 AFFIRMED.
 

 [2]
 

 . As to the timeliness of an appeal, COVA Interim R. 25(a) is identical in substance to Fed. R.App.P. 25(a).