972 F.2d 1352
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Bobby J. COLEMAN, Petitioner/Appellant,
v.
Edward J. DERWINSKI, Secretary of Veterans Affairs,
Respondent/Appellee.
 No. 91-7061.
 United States Court of Appeals, Federal Circuit.
 May 18, 1992.
 
 Before MAYER, Circuit Judge, BENNETT, Senior Circuit Judge, and CLEVENGER, Circuit Judge.
 ON MOTION
 MAYER, Circuit Judge.
 
 ORDER
 
 1
 The Secretary of the Department of Veterans Affairs moves to waive Fed.Cir.R. 27(d) and to dismiss Bobby J. Coleman's appeal on the ground that Coleman is challenging factual determinations that we may not review. The Secretary states that Coleman opposes the motion, but Coleman has not filed a response.
 
 
 2
 On February 6, 1990, the Board of Veterans Appeals denied Coleman's claim for veterans benefits based on his alleged service-connected injury. The Board concluded that service-connected benefits were not warranted because Coleman's "low back, hand or arm injuries were not incurred in or aggravated during service." On January 3, 1991, the Court of Veterans Appeals, No. 90-380, summarily affirmed the Board's decision.
 
 
 3
 Pursuant to 38 U.S.C. § 7292(d)(1) and (2), this court may not generally review challenges to factual determinations nor challenges to a law or regulation as applied to the facts of a particular case. See Machado v. Derwinski, 928 F.2d 389, 391 (Fed.Cir.1991) ("The Act authorized this court to review non-factual decisions of the Veterans Court.") Here, Coleman only seeks review of the factual determinations of the Board, as affirmed by the Court of Veterans Appeals.
 
 
 4
 Although we have jurisdiction to review final decisions of the Court of Veterans Appeals, we are barred from reviewing factual determinations. Johnson v. Derwinski, 949 F.2d 394, 395 (Fed.Cir.1991). Because Coleman only challenges factual determinations, he has not carried his burden of establishing jurisdiction in the court and dismissal is appropriate.
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to waive Fed.Cir.R. 27(d) is granted.
 
 
 7
 (2) The Secretary's motion to dismiss is granted.