6 F.3d 786
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Mary J. VAN VLIET, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 93-7066.
 United States Court of Appeals, Federal Circuit.
 Sept. 8, 1993.
 
 Before LOURIE, Circuit Judge, SKELTON, Senior Circuit Judge, and RADER, Circuit Judge.
 DECISION
 SKELTON, Senior Circuit Judge.
 
 
 1
 Mary J. Van Vliet, appellant, seeks review of a January 13, 1993, decision of the United States Court of Veterans Appeals (CVA), No. 92-1325, which denied appellant's appeal of a March 5, 1991, decision of the Board of Veterans Appeals (BVA), No. 90-43, for lack of jurisdiction because the appeal to the CVA was filed untimely. The decision of the BVA denied appellant's claim for alleged service-connected disability benefits of her deceased husband resulting from alleged injuries received while serving as a merchant marine. We affirm the dismissal of the appeal by the CVA.
 
 OPINION
 
 2
 Appellant's late husband was a veteran who served in the merchant marines between October 1942, and August 1945. He was born in August 1915, and died in April 1985, about 40 years after being discharged from the service. After her husband's death, appellant filed a claim with the BVA for benefits related to his death which she claimed was service connected. The BVA carefully examined all the evidence of record, including medical records of the deceased, his death certificate and statements of physicians in 1989 and 1990, to determine the cause of his death. The BVA found, as shown by the death certificate, that he died of cardiac arrest due to myocardial infarction due to heart disease, and concluded that his death was not service connected. The BVA entered an order that service connection for the cause of the veteran's death was denied. A copy of the order was mailed to appellant along with a notice that if she wished to appeal to the CVA, her notice of appeal had to be received by the CVA within 120 days after March 5, 1991, the mailing date of the BVA order.
 
 
 3
 The appellant prepared her notice of appeal but mailed it to the Department of Veterans Affairs General Counsel's Office instead of to the CVA. She did not file a notice of appeal with the CVA until November 2, 1992, which was 607 days after the BVA mailed its order to her on March 5, 1991. The Acting Secretary of Veterans Affairs filed a motion to dismiss on the ground that appellant's notice of appeal was filed untimely. The CVA granted the motion and dismissed the appeal for lack of jurisdiction. A motion for reconsideration was denied. Appellant then appealed to this court.
 
 
 4
 The case is not before us on the merits. The only issue for our consideration is whether the CVA acted properly in dismissing the appeal for lack of jurisdiction because of the untimely filing. Title 38 U.S.C. Sec. 7266(a) provides that in order to obtain review by the CVA of a final decision of the BVA a notice of appeal must be filed within 120 days after the date of the mailing of the decision by the BVA. This requirement is a jurisdictional prerequisite to a review by the CVA. Espelita v. Derwinski, 958 F.2d 1052 (Fed.Cir.1992) and Machado v. Derwinski, 928 F.2d 389 (Fed.Cir.1991). We have held that the 120-day filing requirement of the statute cannot be extended by the CVA even upon a showing of good cause. Butler v. Derwinski, 960 F.2d 139 (Fed.Cir.1992). A court only has the jurisdiction that has been given to it by an act of Congress. Finley v. United States, 490 U.S. 545 (1989). We conclude that when the appellant failed to file her notice of appeal within the 120-day period specified by the statute, the CVA did not have the authority to review her appeal and properly dismissed it for lack of jurisdiction. The decision of the court is affirmed.