101 F.3d 716
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
William L. STEFFENS, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 95-7071.
 United States Court of Appeals, Federal Circuit.
 Decided Nov. 18, 1996.
 
 Before RICH, PLAGER, and CLEVENGER, Circuit Judges
 PER CURIAM.
 
 
 1
 William L. Steffens appeals from the August 16, 1995, denial by the United States Court of Veterans Appeals (CVA) of his petition for extraordinary relief. The CVA, in applying the law of the All Writs Act to the facts of Steffens' case and in light of Erspamer v. Derwinski, 1 Vet.App. 3 (1990), determined that Steffens is not entitled, on these facts, to the extraordinary relief he seeks. This Court's jurisdiction is limited and we may not review challenges to factual findings or challenges to law or regulation as applied to facts of a particular case. Machado v. Derwinski, 928 F.2d 389, 391 (Fed.Cir.1991). On this issue we have no jurisdiction because we would be applying law to facts. 38 USC § 7292 (1994), Livingston v. Derwinski, 959 F.2d 224, 225 (Fed.Cir.1992).
 
 
 2
 In addition, Steffens argues that the delay he has incurred in having his claim adjudicated at the BVA is so great that, as a matter of law, the BVA should be "abolished" and that appeals of veterans' benefits determinations should be made in federal district courts. We reject that argument. First, the CVA has determined, in a decision we cannot upset, that the delay, while extensive, is not so great as to warrant extraordinary relief. Even if we could second guess the CVA on the reasonableness of the delay, we would be compelled to reject Steffens's legal argument, because he would eliminate the elaborate system established by Congress to review veterans' claims. Such a radical change must be directed by Congress, not by this court. The appeal is therefore dismissed.