Philogene **RICHARD**, Appellant,

v.

Hershel W. **GOBER**, Acting Secretary Of Veterans Affairs, Appellee.

No. 97–1005.

United States Court of Veterans Appeals.

Sept. 22, 1997.

Before NEBEKER, Chief Judge, and FARLEY and IVERS, Judges.

**ORDER**

PER CURIAM.

On August 11, 1997, counsel for the appellant advised the court that the veteran had died on June 30, 1997. Counsel for the appellant filed a motion for a 60–day stay of proceedings in order to allow time for a personal representative to be appointed. Counsel for the Secretary opposed the motion.

The Court held in the consolidated cases of *Landicho v. Brown* and *Oseo v. Brown* that substitution of a widow in the former and a son in the latter is not permissible in this

Court where the appellants are veterans who die while the denials by the Board of Veterans' Appeals (Board) of their claims for disability compensation under chapter 11 of title 38, U.S.Code, are pending here on appeal. *Landicho,* 7 Vet.App. 42, 44 (1994); *see Zevalkink v. Brown,* 102 F.3d 1236, 1243–44 (Fed.Cir.1996). The Court held that, because "veterans' claims under chapter 11 do not survive their deaths," the appropriate remedy is to deny substitution, vacate the Board decision from which the appeal was taken, and dismiss the appeal. *Landicho,* 7 Vet.App. at 47, 54. In this case, counsel raises the possibility of the appointment not of a widow or a son, but of a "personal representative" of the estate of the deceased veteran.

 Although the question of a "personal representative" makes this a question of first impression for this Court (*see Zevalkink,* 102 F.3d at 1239 n. 4), the distinction is one without a difference. The operative event is the death of the veteran and the consequent extinguishing of his claims. *See Landicho,* 7 Vet.App. at 55 (Court held that "these appeals have become moot by virtue of the deaths of the original veteran appellants"). Just as the appellant's appeal has become moot, so has the issue of substitution.

As in *Landicho,* the appropriate action for this Court to take is to vacate the Board decision and dismiss this appeal. A decision of the Court vacating the Board decision has the legal effect of nullifying the previous merits adjudication by the regional office (RO) because that decision was subsumed by the Board decision. *See Yoma v. Brown,* 8 Vet.App. 298 (1995) (relying on *Robinette v. Brown,* 8 Vet.App. 69, 80 (1995)); *see also Hudgins v. Brown,* 8 Vet.App. 365, 368 (1995) (per curiam order) (accrued-benefits claim by survivor will have same character as claim veteran was pursuing at time of death, and adjudication of that accrued-benefits claim not affected by Board or RO decision nullified by Court's order vacating Board decision). This is done to ensure that the Board decision and the underlying RO decision(s) will have no preclusive effect in the adjudication of any accrued-benefits claims derived from the veteran's entitle-

ments. *Id.* Because this appeal has become moot by virtue of the death of the veteran appellant, the appeal will be dismissed. *See Landicho,* 7 Vet.App. at 53–54.

On consideration of the foregoing, it is

ORDERED that the appellant's motion for a stay of proceedings is denied. It is further

ORDERED that the February 21, 1997, Board decision is VACATED. It is further

ORDERED that this appeal is DISMISSED for lack of jurisdiction.