**Glen J. SHEPARD, Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.**

**No. 96–1147.**

United States Court of Veterans Appeals.

Oct. 22, 1998.

Clayte Binion was on pleadings for appellant.

Robert E. Coy, Acting General Counsel; Ron Garvin, Assistant General Counsel; and Thomas A. McLaughlin, Special Assistant to the Assistant General Counsel, were on pleadings for appellee.

Before NEBEKER, Chief Judge, and HOLDAWAY and STEINBERG, Judges.

NEBEKER, Chief Judge:

The Court has before it the issue of its jurisdiction to entertain Glen J. Shepard's appeal (hereafter *Shepard I*) filed on September 9, 1996, from a Board of Veterans' Appeals (BVA or Board) decision issued on October 25, 1990. The jurisdictional issue centers on whether the BVA's failure to mail a copy of that decision to the American Legion (Mr. Shepard's designated representative in October 1990) kept open the period in which to note an appeal to this Court. While the appeal was pending, counsel for Mr. Shepard notified the Court of his client's death, and filed a motion to substitute Mr. Shepard's widow, Esther Shepard, as the appellant in this proceeding. The Secretary has filed a response to the appellant's motion to substitute Mrs. Shepard, stating no objection to substitution for the purpose of determining the Court's jurisdiction and acknowledging Mrs. Shepard's standing as a potential accrued-benefits claimant whose claim is affected by the outcome of this proceeding.

At the time of his death, Mr. Shepard also had pending an appeal from an October 20, 1995, BVA decision, which, inter alia, denied his attempt to reopen the two claims denied by the October 25, 1990, decision. *Shepard v. West,* U.S. Vet.App. No. 95–1123 (Notice of Appeal (NOA) filed Nov. 10, 1995) (hereafter *Shepard II*). Proceedings in *Shepard II* had been stayed, upon the appellant's motion,

pending resolution of the issue of the Court's jurisdiction over the appeal in *Shepard I*.

In response to the Court's November 5, 1997, order directing that the parties provide further information as to jurisdictional facts, as well as further legal argument, the Secretary filed a memorandum and renewed motion to dismiss, and Mr. Shepard filed a response. Mr. Shepard also filed an unopposed motion to amend his response with the Declaration of Robert L. Ashworth of the BVA concerning the BVA's transmission of the October 1990 BVA decision to the appellant and to his then-designated representative, the American Legion. Upon consideration of the parties' pleadings and of the record on appeal (ROA) in *Shepard II*, which is relevant to the jurisdictional issue here, and for the reasons that follow, the Court will grant the motion to amend Mr. Shepard's response to the Secretary's motion to dismiss, will grant the motion for substitution in *Shepard I*, and will dismiss this appeal. By order issued concurrently with this opinion, the Court will direct the dismissal of *Shepard II*. *See Shepard v. West*, 11 Vet.App. 523, No. 95–1123 (Oct. 22, 1998).

## I. FACTS

The salient jurisdictional facts are as follows. First, Mr. Shepard's own copy of the October 1990 BVA decision appears to have been mailed to him in compliance with 38 U.S.C. § 7104(e). He had argued, however, that the time for appeal from the BVA's 1990 decision never began to run because the BVA failed to comply with the second requirement of section 7104(e), which—at the time of that decision—required that a copy be mailed, via the U.S. Postal Service, to the appellant's then-designated representative, the American Legion. *See Davis v. Brown*, 7 Vet.App. 298, 303 (1994). The Secretary has conceded that there is no way of determining the exact date on which the American Legion received a copy of the Board's October 25, 1990, decision, which was sent by "flat mail" to the American Legion. *See Trammell v. Brown*, 6 Vet.App. 181, 183 (1994) (copies of BVA decisions sent by "flat mail" to VA regional office rather than sent directly by BVA to claimant's representative are not mailed in

accordance with 38 U.S.C. § 7104(e)); accord *Davis, supra.* Mr. Shepard did not contest that, in February 1996, his counsel (not the American Legion) received a copy of the 1990 BVA decision as part of the record designated by the Secretary in *Shepard II*.

## II. ANALYSIS

This Court held in *Ashley v. Derwinski*, 2 Vet.App. 307, 311 (1992), that actual receipt of a BVA decision by a claimant's "designated representative" cures a section 7104(e) defect in mailing and begins the running of the 120–day judicial appeal period under 38 U.S.C. § 7266(a). What is, accordingly, crucial to the jurisdictional issue here presented is whether counsel was Mr. Shepard's "designated representative" in early February 1996, or whether, at that time, the American Legion continued in that role as to the two claims addressed by the October 1990 BVA decision.

It is undisputed that Mr. Shepard and his counsel [hereinafter "counsel"] executed an attorney-fee agreement for counsel's representation of Mr. Shepard on his "claim for benefits now pending" and submitted it to VA on November 20, 1995. Notice to VA of the fee agreement confirmed a November 2, 1995, letter of representation from counsel with signed consent from Mr. Shepard to counsel's representation in matters concerning "such claim." The Secretary, citing 38 C.F.R. § 14.631(d) (1997), states that the specific letter of representation as to the pending claims for benefits revoked the general power of attorney held by the American Legion until the final determination of those claims. *See* Appellee's Memorandum in Response to Court Order and Renewed Motion to Dismiss (hereinafter "Secretary's Response") at 2. According to the Secretary, VA has recognized counsel, and not the American Legion, since November 1995 as the appellant's sole representative regarding the claims now before the Court and all transactions concerning those claims have been conducted exclusively with counsel. *Id.*

In his pleadings, Mr. Shepard had disputed the Secretary's assertion concerning the scope of counsel's representation. Mr. Shepard had argued that the October 1990 BVA

decision had become final and that counsel could not, therefore, then be the representative in the "matters" addressed there. Mr. Shepard had pointed out that the October 1990 BVA decision dealt with his initial claims for service connection of chronic obstructive pulmonary disease (COPD) and residuals of a right ankle injury, while the October 1995 decision addressed his attempt to reopen those claims. However, he had also contended that the October 1990 BVA decision never became "final"—in the sense of no longer being appealable to the Court—because of the defect in complying with the requirement to "mail" a copy of it to the claimant's representative at that time, the American Legion. *See* 38 U.S.C. §§ 7104(e), 7266(a); *Davis* and *Trammell,* both *supra.* In this, he was correct as to the state of the law on the undisputed facts as of November 1995 when he entered into the fee agreement for representation to cover the "claim for benefits now pending." Hence, at that time counsel unquestionably became Mr. Shepard's representative on each pending claim, thereby superseding the American Legion for that purpose. Indeed, when counsel filed the September 1996 NOA in *Shepard I,* he did so pursuant to *that* fee agreement, not some new fee agreement.

The Secretary has the statutory authority to recognize an attorney as a claimant's agent to prepare, present, and prosecute a claim for VA benefits. *See* 38 U.S.C. § 5903; *see also* 38 U.S.C. § 5904(a). The Secretary has the power to promulgate "all rules and regulations which are necessary and appropriate to carry out the laws administered by [VA] and are consistent with those laws." 38 U.S.C. § 501(a). By regulation, the Secretary has set forth the requirements for recognition and delineated the scope of representation. *See* 38 C.F.R. § 14.629 (1997) (statement in writing on attorney's letterhead that attorney has authority to represent claimant, along with signed consent of claimant, is equivalent to executed power of attorney); 38 C.F.R. § 14.631(c)(1) (1997) (such specific authority to represent revokes appointment of service organization as claimant's representative as it pertains to, and during pendency of, "that particular claim"); 38 C.F.R. § 14.631(d) (specific authorization

to represent a claimant established under 38 C.F.R. § 14.630 applies "only as it pertains to, and during the pendency of, that particular claim" after which general power of attorney again applies "as to any new or reopened claim"). And the Secretary has represented to the Court that, as to representation of Mr. Shepard, he applied his regulation in a manner consistent with the statute. *See* Secretary's Response at 2 ("In sum, since November 1995, VA has recognized counsel (not the American Legion) as appellant's sole representative regarding the claims that are now before the Court, and all transactions concerning those claims perforce have been conducted exclusively with his counsel. *See* 38 C.F.R. § 14.631(c)(1).").

Accordingly, the Secretary did not exceed his authority when, in November 1995, he recognized counsel as Mr. Shepard's designated representative in "all transactions" concerning his then-pending claims. *Id.* Here, the "transactions" concerning the claims include both the effort to reopen the claims and the underlying predicate claims of service connection for COPD and of residuals of a right ankle injury. Accordingly, we hold that counsel became Mr. Shepard's representative in November 1995, and that, as to these claims, counsel's representation had ousted that of the American Legion.

Mr. Shepard had further argued, however, that, because the 1990 BVA decision sent to counsel as part of the designation of the ROA in February 1996 did not include notice of any defect in mailing or notice of appellate rights, the time to appeal did not begin to run. *See In the Matter of the Fee Agreement of Cox,* 10 Vet.App. 361, 375 (1997) (claim remains open if denial not accompanied by statement of appellate rights as required by 38 U.S.C. § 5104(a)), *vacated on other grounds,* 149 F.3d 1360 (Fed.Cir.1998) (holdings affirmed; vacated only for consideration of alleged facts occurring after this Court issued opinion). He stated that he was not on notice as to any defect in mailing until March 1997; nevertheless, he filed his NOA from the BVA's 1990 decision in September 1996, having had a copy of that decision since February 1996, and he filed this NOA pursuant to the November 1995 repre-

sentation agreement. The Court observes that the BVA's then-standard notice of appellate rights accompanied the copy of the 1990 Board decision. *See Shepard II*, Record at 166. The appellant has offered no persuasive reason for his failure, within the initial 120 days after counsel's receipt of the written decision as part of the *Shepard II* record designation, to inquire into the circumstances of the BVA's mailing (or failure to mail) that decision, and to file an NOA within that time period. *But cf. Cummings v. West*, 136 F.3d 1468, 1472 n. 2 (Fed.Cir.1998), (citing *Butler v. Derwinski*, 960 F.2d 139, 140–41 (Fed.Cir.1992), for proposition that Court lacks authority to extend section 7266(a) appeal period, even on theory of equitable tolling); *see also Bazalo v. Brown*, 9 Vet.App. 304, 310–11 (1996) (en banc) (counsel charged with knowledge of law and held to higher standard than is pro se appellant), *rev'd on other grounds sub nom. Bazalo v. West*, 150 F.3d 1380 (Fed.Cir.1998). Counsel's argument—which appears to be that the copy of the 1990 BVA decision should have been "flagged" in some way as still being appealable when he received his copy in February 1996—is unpersuasive.

■ The ultimate burden of establishing jurisdiction rests with the appellant. *See McNutt v. G.M.A.C.*, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Bethea v. Derwinski*, 2 Vet.App. 252 (1992). To be timely under Rule 4 of this Court's Rules of Practice and Procedure and precedents construing 38 U.S.C. § 7266(a), an NOA must be filed with the Court within 120 days after written notice of the BVA decision has been transmitted in compliance with 38 U.S.C. § 7104(e), *see Butler, supra*, or where a copy of the decision was not provided to both the claimant and his designated representative in compliance with section 7104(e), after a copy of the decision has actually been received by the claimant and his or her designated representative, *see Ashley, supra*. This Court's jurisdiction derives exclusively from statutory grants of authority provided by Congress and may not be extended beyond that permitted by law. *See Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 818, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988);

*Machado v. Derwinski*, 928 F.2d 389 (Fed. Cir.1991); *Dudley v. Derwinski*, 2 Vet.App. 602 (1992) (en banc order).

The Court concludes that Mr. Shepard did not meet the burden of demonstrating that an NOA from the BVA's October 1990 decision was timely filed. Because no NOA was filed within the 120–day appeal period provided by section 7266(a), the Court need not reach the issue whether section 509 of the Veterans Benefits Improvements Act of 1996 (VBIA), which became effective on October 9, 1996, retroactively gave effect to the "flat mail" conveyance of the 1990 BVA decision to the appellant's then-representative, the American Legion. *See* VBIA, Pub.L. No. 104–275 § 509, 110 Stat. 3322, 3344 (1996) (amending section 7104(e) to allow BVA, at its option, either to mail copy of BVA decision to claimant's representative, or to send copy by other means reasonably likely to be as speedy as mail).

### III. CONCLUSION

■ The Court holds that when Mr. Shepard's counsel submitted a letter of representation to VA, that letter ousted the American Legion as Mr. Shepard's designated representative concerning the claims then still pending that had been addressed in the October 1990 BVA decision denying those claims on the merits. Accordingly, receipt by counsel in February 1996 of notice of that October 1990 decision began the running of the 120–day appeal period to the Court under 38 U.S.C. § 7266(a)(1). *See Ashley, supra*. Because the NOA from the 1990 decision was filed more than 120 days after the appeal period began to run, it was untimely, and this appeal must be dismissed.

Finally, the Court received notice of Mr. Shepard's death during the pendency of these proceedings, and his widow has moved to be substituted in the appeal. The law regarding substitution of a survivor for a deceased appellant is well settled. *See Richard v. Gober*, 10 Vet.App. 431, 432 (1997) (per curiam order) (where veteran dies while appeal of BVA decision regarding claim for benefits under chapter 11 was pending at Court, appeal becomes moot). The operative event is the death of the veteran, and the

consequent extinguishing of that individual's claims. *Id.* The Court has held that, in such cases, dismissal is the appropriate remedy. *Landicho v. Brown,* 7 Vet.App. 42, 54 (1994); *see Zevalkink v. Brown,* 102 F.3d 1236, 1243–44 (Fed.Cir.1996), *cert. denied,* — U.S. —, 117 S.Ct. 2478, 138 L.Ed.2d 988 (1997).

 A federal court, however, always has jurisdiction to determine its jurisdiction. *See Heath v. West,* 11 Vet.App. 400, 402 (1998) (federal court has duty to determine its subject-matter jurisdiction). The parties agree that Mrs. Shepard has standing to pursue this appeal because the outcome of this proceeding will affect the course of her proceedings before VA, should she choose to seek accrued benefits. *See Landicho,* 7 Vet. App. at 53 (survivor has no standing to pursue claim after deceased veteran's death except as to survivor's being potential accrued-benefits claimant). The Court finds no flaw in their reasoning as to Mrs. Shepard's standing to seek disposition of the jurisdictional issue. Accordingly, exercising its jurisdiction to determine jurisdiction, the Court is permitting Mrs. Shepard to substitute for her deceased husband as the appellant here, given her status as a potential accrued-benefits claimant, so that the Court might rule on the validity of Mr. Shepard's NOA in this case. A motion to substitute has also been filed in *Shepard II,* and is addressed in the order issued in that appeal.

The motion to substitute Mrs. Shepard for her deceased veteran husband as the appellant in *Shepard I* is GRANTED. The Clerk is directed to file the Declaration of Robert L. Ashworth as of the date of its receipt by the Court. This appeal, *Shepard I,* is DISMISSED for lack of jurisdiction.