**Glen J. SHEPARD, Appellant,**

v.

**Togo D. WEST, Jr., Secretary Of Veterans Affairs, Appellee.**

**No. 95–1123.**

United States Court of Veterans Appeals.

Oct. 22, 1998.

Before NEBEKER, Chief Judge, and HOLDAWAY and STEINBERG, Judges.

## ORDER

PER CURIAM:

This is an appeal from an October 20, 1995, Board of Veterans' Appeals (BVA or Board) decision that denied the appellant's claim for service connection of gastritis and also his attempt to reopen disallowed claims for service connection of chronic obstructive pulmonary disease (COPD) and residuals of a right ankle injury. The appellant, Glen J. Shepard, died after this appeal was filed. This appeal has been stayed, upon motion of the appellant, pending the Court's determination concerning its jurisdiction over the appeal in *Shepard v. West*, 11 Vet.App. 518, No. 96–1147 (Oct. 22, 1998) (hereafter *Shepard I* ). The appeal in *Shepard I* was from an October 1990 BVA decision that had denied the appellant's initial claims for service connection of COPD and a right ankle disability. In the instant appeal (hereafter *Shepard II* ), counsel for the appellant has notified the Court of the appellant's death and has filed a motion to substitute Esther Shepard, the appellant's widow. The Secretary has filed a response to the motion to substitute.

By opinion issued concurrently with this order, the Court has dismissed the appeal in *Shepard I* for lack of jurisdiction, based on its holding that the September 1996 attempted Notice of Appeal (NOA) from an October 1990 Board of Veterans' Appeals decision was untimely. *Shepard I*, 11 Vet.App. at 522–23, slip op. at 6–7. Exercising its jurisdiction to determine jurisdiction, the Court permitted Mrs. Shepard to substitute for her deceased husband as the appellant there, given her status as a potential accrued-benefits claimant, so that the Court might rule on the validity of Mr. Shepard's NOA in that case. *Heath v. West*, 11 Vet.App. 400, 402 (1998) (federal court has duty to determine its subject-matter jurisdiction); *see Landicho v. Brown*, 7 Vet.App. 42, 53 (1994) (survivor has no standing to pursue deceased veteran's claim after death except as to survivor's being potential accrued-benefits claimant).

The Court held in *Landicho* that substitution of an appellant is generally not permissible in this Court where the appellant is a veteran who dies while the denial by the Board of the veteran's claim for disability compensation under chapter 11 of title 38, U.S.Code, is pending here on appeal. *Landicho*, 7 Vet.App. at 44; *see Zevalkink v. Brown*, 102 F.3d 1236, 1243–44 (Fed.Cir. 1996) (expressly agreeing with this Court's *Landicho* holding), *cert. denied*, —— U.S. ——, 117 S.Ct. 2478, 138 L.Ed.2d 988 (1997). Under such circumstances, the Court has held that the appropriate remedy is to vacate the BVA decision from which the appeal was taken and to dismiss the appeal. *Landicho*, 7 Vet.App. at 54. This is done to ensure that the BVA decision and the underlying VA regional office (RO) decision will have no preclusive effect in the adjudication of any accrued-benefits claims derived from the veteran's entitlements. *Id.* In such a case, because the appeal has become moot by virtue of the veteran appellant's death, the appeal is dismissed. *See id.* at 53–54.

On consideration of the foregoing, it is

ORDERED that the stay of these proceedings is lifted. It is further

ORDERED that the October 25, 1995, Board decision is VACATED. This decision of the Court vacating the Board decision has the legal effect of nullifying the previous merits adjudication by the RO because that decision was subsumed in the Board decision. *See Yoma v. Brown*, 8 Vet.App. 298 (1995) (relying on *Robinette v. Brown*, 8 Vet.App. 69, 80 (1995)); *see also Hudgins v. Brown*, 8 Vet.App. 365, 368 (1995) (per curiam order) (accrued-benefits claim by survivor will have same character as claim veteran was pursuing at time of death, and adjudication of that accrued-benefits claim not affected by Board or RO decision nullified by Court's order vacating Board decision), *aff'd*, 124 F.3d 224 (Fed.Cir.), *cert. denied*, —— U.S. ——, 118 S.Ct. 161, 139 L.Ed.2d 106 (1997). It is further

ORDERED that this appeal, *Shepard II*, is DISMISSED for lack of jurisdiction.