**Esther SHEPARD, Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.**

**No. 96–1147.**

United States Court of Veterans Appeals.

Dec. 31, 1998.

Before NEBEKER, Chief Judge, and
HOLDAWAY and STEINBERG, Judges.

## ORDER

PER CURIAM:

On October 22, 1998, the Court dismissed this appeal, designated *Shepard I,* for lack of jurisdiction. On November 18, 1998, the appellant filed a motion for reconsideration reiterating a point already decided, and relying on *Bailey v. West,* 160 F.3d 1360 (Fed.Cir. 1998).

Under *Bailey,* the issue in this appeal is whether the appellant's counsel has demonstrated factual reasons to toll equitably the 120–day appeal period (*see* 38 U.S.C. § 7266) until the time when he filed the Notice of Appeal (NOA) from the Board of Veterans' Appeals' (BVA or Board) October 25, 1990, decision, some seven months after the record on appeal (ROA) containing the Board's 1990 decision was sent to him. Counsel argues that he had no notice of the defect in mailing the 1990 decision, and that this circumstance operated to toll the time for appeal of that decision. However, notice of the mailing defect is beside the point. The critical question is whether the representative had "in hand" a copy of the BVA decision, *Ashley v. Derwinski,* 2 Vet.App. 307, 311 (1992), not whether he had figured out the significance of that fact. Counsel is charged with knowledge of the applicable law, *see Bazalo v. Brown,* 9 Vet.App. 304, 310–11 (1996) (en banc), *rev'd on other grounds sub nom. Ba-*

*zalo v. West,* 150 F.3d 1380 (Fed.Cir.1998), as described below.

Counsel undertook representation of the now-deceased veteran, Glen J. Shepard, as to the two claims that were the subject of the 1990 BVA decision on the merits and of a BVA decision denying an attempt to reopen as to these two claims in 1995 (*Shepard v. West,* 11 Vet.App. 523 (1998) (per curiam order) (*Shepard II* ) (appeal dismissed under *Landicho v. Brown,* 7 Vet.App. 42 (1994)). Without regard to whether counsel, when he undertook representation in *Shepard II,* knew of the mailing defect in *Shepard I,* what was known is that no NOA had been filed in *Shepard I.* Thus, if there was no mailing defect under *Davis v. Brown,* 7 Vet. App. 298 (1994), counsel had to know that the 120 days had passed. Conversely, if there was a defect in mailing as to the representative's copy of the decision, the 120 days would not have begun to run; however, he was, as a matter of law, charged with knowing that it began to run when the Board's *Shepard I* decision was received by him as the appellant's representative. Because the time began to run in February 1996 when the appellant's counsel received his copy of the 1990 BVA decision as part of the *Shepard II* ROA, this Court finds as a fact directly affecting its jurisdiction that the time for filing an NOA had elapsed before the NOA in *Shepard I* was filed in September 1996. *See Stokes v. Derwinski,* 1 Vet.App. 201, 203–04 (1991) (Court has authority to decide jurisdictional facts).

Upon consideration of the foregoing, and it appearing that the appellant has not made and cannot on the facts before the Court make a factual showing warranting application of equitable tolling found applicable to this Court in *Bailey, supra,* it is

ORDERED that the motion for reconsideration is DENIED.