**John L. SUOZZI, Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.**

No. 95–395.

United States Court of Appeals for Veterans Claims.

April 16, 1999.

Felicia Pasculli, Bay Shore, NY, was on the application for appellant.

John H. Thompson, Acting General Counsel; Ron Garvin, Assistant General Counsel; Michael A. Leonard, Deputy Assistant General Counsel; and Ralph G. Davis, Washington, DC, were on the pleadings for appellee.

Before NEBEKER, Chief Judge, and FARLEY and HOLDAWAY, Judges.

NEBEKER, Chief Judge:

Pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), the appellant, John L. Suozzi, seeks costs and attorney fees incurred in the prosecution of claims on appeal from the Board of Veterans' Appeals (BVA or Board). The Secretary concedes that an award of EAJA fees in this case is appropriate, but he opposes the fees sought by the appellant on the grounds that the amount sought is unreasonable. An amended, reduced application was then filed. Thus, this application involves a determination of a reasonable fee by this Court where the appellant's initial EAJA application is, concededly, unreasonable. For the following reasons, the Court will grant the amended application in part and deny it in part.

## I. FACTS

The appellant filed his EAJA application, claiming attorney fees for 471.5 hours work, and $711.38 in costs, for a total of $67,753.03.

The Secretary conceded that the appellant had met all the jurisdictional requirements entitling him to an award of EAJA fees, but suggested that a reasonable fee should be $16,824.18. Additionally, the Secretary filed a motion requesting that this Court order the appellant to produce contemporaneous billing records so that the Court could better determine the reasonableness of the fee claimed. The appellant opposed this motion, asserting that the records which had been provided in the initial EAJA application were sufficiently detailed for this Court to render a decision on the reasonableness of the fee claimed.

After filing this opposition to the Secretary's motion, the appellant submitted an amended EAJA application that significantly reduced the number of hours claimed, acknowledging the "facial unreasonableness" of the first EAJA application. Appellant's counsel, after conferring with the Secretary's attorneys and other, more experienced attorneys, reduced the hours claimed for the merits of the appeal and the first EAJA application to 195.75 hours, for a subtotal of $24,927.35. The appellant billed 22.0 hours for the amended EAJA application for a subtotal of $2,801.26. Along with $711.38 in costs, the appellant's final EAJA claim total is now $28,440.02. Also, in this amended application, the appellant's attorney alluded to settlement negotiations with the Secretary and alleged ethical violations on the part of the Secretary.

The Secretary responded to the appellant's amended EAJA application by repeating his argument that the appellant needed to produce contemporaneous billing records. The Secretary continued to assert that $16,824.18 was a reasonable fee. Further, the Secretary strongly objected to the appellant's allegations of ethical violations, in addition to moving to strike the appellant's reference to the settlement negotiations. As for the appellant's claim to $2,801.26 for the amended EAJA application, the Secretary maintains that this amount should be viewed as duplicative work in that it was the appellant's initial, and admittedly unreasonable, EAJA application which necessitated the amended application.

## II. ANALYSIS

Under the EAJA, this Court will award attorney fees to a prevailing party unless it finds that the position of the United States was substantially justified or "special circumstances" would make the award against the government unjust. *See* 28 U.S.C. § 2412(d)(1)(A); *Stillwell v. Brown*, 6 Vet.App. 291, 301 (1994). Here, there is no dispute that the appellant is entitled to an award of some amount of EAJA fees. Because the appellant has crossed the statutory threshold of eligibility for an award, it remains for this Court to determine what is a reasonable fee. *See Commissioner, Immigration and Naturalization Service v. Jean*, 496 U.S. 154, 161, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)); *Ussery v. Brown*, 10 Vet.App. 51, 53 (1997).

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Elcyzyn v. Brown*, 7 Vet.App. 170, 176 (1994) (quoting *Hensley*, 461 U.S. at 433, 103 S.Ct. 1933). Where the hours claimed are not unreasonable, the benchmark for the hours "reasonably expended" is normally the sworn affidavit accompanying the EAJA application. *See Chesser v. West*, 11 Vet.App. 497, 502 (1998). Here, the Secretary asserts, and the appellant concedes, that the original EAJA application is unreasonable. Therefore, the Court holds that it will not use the affidavit accompanying the initial EAJA application as its benchmark for determining a reasonable fee. Neither will this Court use the appellant's second attempt, the amended EAJA application which more than halved the initial hours claimed, as the benchmark for a reasonable fee, or grant the claimed $2,801.26 for filing the amended application. A request for attorney fees is required to be in good faith and in reasonable compliance with judicial pronouncements, and is not an opening gambit in negotiations to reach an ultimate result. *Lewis v. Kendrick*, 944 F.2d 949, 958 (1st Cir.1991); *Shepard v. West*, 11 Vet.App. 518 (1998).

Under the circumstances the Court finds the amount suggested by the Secretary, $16,-824.18, to be reasonable. The application is granted in that amount. The Secretary's motions are denied as moot.