# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 03-0152

GERMAN L. MATTHEWS, APPELLANT,

V.

R. JAMES NICHOLSON,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before STEINBERG, GREENE, and HAGEL *Judges.*

## O R D E R

On January 23, 2003, veteran German L. Matthews (the appellant), through counsel, filed a Notice of Appeal (NOA) seeking review of an October 23, 2002, Board of Veterans' Appeals (Board) decision (Record (R.) at 1-9) that had determined that he had not filed a timely Substantive Appeal to the Board in order to perfect the appeal of an August 1995 decision of a Department of Veterans Affairs (VA) regional office (RO). In a June 2000 Statement of the Case (SOC), the VARO had determined that a Substantive Appeal filed in March 1998 was not timely received. R. at 218. In July 2000, the appellant had timely appealed that determination to the Board. R. at 220-28.

On January 26, 2005, the Court issued a decision affirming the October 2002 Board decision. *Matthews v. Principi*, 19 Vet.App. 23, 29 (2005). The Court held that, under the particular circumstances of this case, the Secretary had demonstrated that any potential defect in the mailing was cured by the receipt in August 1997 by the appellant's counsel of a copy of the SOC and that the 60-day period for filing a Substantive Appeal began to run at that time. *Id.* at 28-29 (citing *Clark v. Principi*, 15 Vet.App. 61, 63-64 (2001), and *Ashley v. Derwinski*, 2 Vet.App. 307, 309 (1992)). The Court held that, therefore, even assuming that a March 1998 letter from the appellant's counsel constituted a Substantive Appeal, that Substantive Appeal would have been due not later than October 1997 and it was not filed within the requisite period. *Id.* at 29.

## I. Parties' Contentions

On February 16, 2005, the appellant filed a motion for reconsideration of the panel decision or, in the alternative, a request for a full-Court decision. Appellant's Feb. 16, 2005, Motion (Mot.). The appellant contends that the Board lacked jurisdiction to render its October 2002 decision and that this Court consequently lacks jurisdiction to affirm that Board decision. Mot. at 1-2. He argues that the Board lacked jurisdiction over this matter because the Secretary "impermissibl[y]" made an "initial decision regarding the timeliness of [the appellant's] March 4, 1998, [S]ubstantive [A]ppeal . . . in the [SOC] of June 5, 2000". *Id.* at 2 (citing 38 U.S.C. §§ 5104, 7105). He also contends that the Board lacked jurisdiction because VA failed to comply with regulatory requirements for VA's initiation of an administrative appeal (that is, an appeal to the Board by an RO official): Specifically,

he asserts that VA failed to follow the administrative-appeal process set forth in 38 C.F.R. §§ 19.33 and 19.50 through 19.53, which require, he asserts, that VA send him notice that an administrative appeal has been entered regarding the timeliness issue and allow a 60-day period for him to decide whether to join in VA's administrative appeal. *See* Mot. at 3-4. The appellant concedes (1) that his July 2000 "[S]ubstantive [A]ppeal" that was submitted in response to the June 2000 SOC on the timeliness issue "should have, but did not, raise the issue of . . . VA's failure to comply with its own regulatory procedure to initiate *its administrative* appeal regarding the timeliness of [the appellant's] March 1998 [S]ubstantive [A]ppeal" on the merits of his underlying claims; (2) that his counsel should have "brought . . . VA's non[]compliance with its own *administrative appeal* procedure to the attention of both the Board and this Court"; and (3) that the issue became evident to his counsel only after issuance of the January 2005 panel decision in this case, while he was preparing an appeal to the U.S. Court of Appeals for the Federal Circuit. *Id.* at 6.

In response to a Court order, the Secretary filed a response to the appellant's motion; the Secretary argues that the appellant is precluded by the Court's caselaw and its Rules of Practice and Procedure (Rules) from raising new arguments at this late stage in the proceedings. Secretary's Response (Resp.) at 2-3 (citing, inter alia, *Ford v. Gober*, 10 Vet.App. 531, 535 (1997) (regarding abandonment of issues not argued in initial or reply brief), and U.S. VET. APP. R. 35). He also argues that the appellant did not raise any argument as to improper procedures below and should not be allowed to do so now. Resp. at 5. The Secretary also contends that as to the timeliness issue the RO provided to the appellant a written decision in the form of an SOC, which included (1) a citation to and discussion of the relevant law and (2) reasons for the determination that the 1998 Substantive Appeal was untimely, and further argues that the appellant has not alleged how he was prejudiced by the administrative procedures. Resp. at 5. He maintains that the appellant was given the opportunity to respond to the timeliness issue and did so in July 2000. *Id.* at 5.

On June 3, 2005, the appellant submitted, pursuant to Rule 30(b) of the Court's Rules, a letter of citation to supplemental authority, citing *Arulampalam v. Gonzales*, 399 F.3d 1087 (9th Cir. 2005) (order), in support of his February 2005 motion for reconsideration. Appellant's (App.) June 3, 2005, Letter.

## II. Jurisdiction

Because the appellant's February 2005 motion raises a question as to the Court's jurisdiction and such questions should generally be addressed by the Court whenever they arise, *see Barnett v. Brown*, 83 F.3d 1380, 1383 (Fed. Cir. 1996) (noting that "it is well-established judicial doctrine that any statutory tribunal must ensure that it has jurisdiction over each case *before* adjudicating the merits, that a potential jurisdictional defect may be raised by the court or tribunal, *sua sponte* or by any party, at any stage in the proceedings, and, once apparent, must be adjudicated"), even if not timely raised, the Court will grant the motion for reconsideration in order to address its jurisdiction. This Court always has jurisdiction to assess its own jurisdiction. *See Smith (Irma) v. Brown*, 10 Vet.App. 330, 332 (1997). In general, the Court has jurisdiction to review a final Board decision, 38 U.S.C. §§ 7252 and 7266. There is caselaw that suggests that this Court's jurisdiction is derivative generally of the Board's jurisdiction, *see* 38 U.S.C. § 7252(a); *Herlehy v. Principi*,

15 Vet.App. 33, 35-36 (2001) (per curiam order) (concluding that Board's jurisdiction is dependent on claimant's having filed timely Notice of Disagreement (NOD)), but this caselaw precedes the repeal in late 2001 of section 402 of the Veterans' Judicial Review Act, Pub. L. No. 100-687, § 402, 102 Stat. 4105, 4122 (1988) (set forth in 38 U.S.C. § 7251 note) post-November 17, 1998, NOD requirement. *See* Veterans Education and Benefits Expansion Act of 2001, Pub. L. No. 107-1-3, § 603(a), 115 Stat. 976, 999. In any event, there is also caselaw providing that if a Board decision is made without jurisdiction, it is not a final Board decision and the appeal to our Court would thus have to be dismissed. *Smith*, 10 Vet.App. at 333. Absent original jurisdiction, *see, e.g.*, 38 U.S.C. §§ 5904(c)(2), 7111, the Board's jurisdiction is dependent on the appellant's having filed an NOD, *see* 38 U.S.C. § 7105(a), (c); *Herlehy*, *supra*; *Buckley v. West*, 12 Vet.App. 76, 82 (1998) (noting that Board's jurisdiction derives from claimant's NOD); *Garlejo v. Brown*, 10 Vet.App. 229, 232 (1997) (holding that Board did not err in refusing to adjudicate matter as to which no NOD was filed).

In this case, the Court holds that the Board had jurisdiction to decide the question whether the appellant had filed a timely Substantive Appeal as to the underlying merits of his claim. The appellant's July 2000 letter (R. at 220-28), which he designated as his Substantive Appeal on the timeliness issue, constituted an NOD as to the timeliness issue that the RO had decided adversely as to the appellant in its June 2000 SOC (R. at 213-18). *See Beyrle v. Brown*, 9 Vet.App. 24, 28 (1996) (holding that "[w]hether a document is an NOD is a question of law for the Court to determine de novo under 38 U.S.C. § 7261(a)(1)"). In *Malgapo v. Derwinski*, in a ruling later reaffirmed by the full Court in *Hamilton (Stanley) v. Brown*, the Court held that a VA Form 1-9 (Substantive Appeal to the Board) can constitute an NOD if the Board subsequently waives the requirement for a VA Form 1-9 or does not dismiss the claim based on the absence of a Form 1-9. *Malgapo*, 1 Vet.App. 397, 399 (1991); *see Hamilton*, 4 Vet.App. 528, 538 (1993) (en banc), *aff'd*, 39 F.3d 1547 (Fed. Cir. 1994). The July 2000 letter meets the requirements of section 7105(b): It is in writing and was filed by the appellant's counsel one month after the RO's decision in its June 2000 SOC that his appeal as to the underlying merits was untimely, a filing which was well within one year "from the date of mailing of notice of [that] . . . determination." 38 U.S.C. § 7105(b)(1), (2); *see* 38 C.F.R. § 20.302(a) (1999). The letter also "express[ed] dissatisfaction or disagreement with an adjudicative determination by the [RO] and a desire to contest the result" and was "in terms which can be reasonably construed as disagreement with that determination and a desire for appellate review." 38 C.F.R. § 20.201 (1999); *see Gallegos v. Principi*, 283 F.3d 1309 (Fed. Cir. 2002) *cert. denied*, 537 U.S. 1071 (2002). Specifically, that letter, which is addressed to the RO, stated that it was in response to the June 2000 SOC issued by the RO that had concluded that the 1998 Substantive Appeal was not timely filed, and it contained the appellant's arguments as to why the reasons given by the RO for its conclusion were incorrect. *See* R. at 224-27. The letter also requested that the Board recognize that the appellant had submitted a timely Substantive Appeal as to the underlying merits of his claim. R. at 227. Accordingly, because there was an NOD on the issue whether the Substantive Appeal on the merits of the claim was timely, the Board had jurisdiction to review that question, *see Herlehy*, *Buckley*, and *Garlejo*, all *supra*, and its decision was thus final and subject to review here. *Cf. Smith*, *supra*.

### III. Appellant's Other Argument

To the extent that the appellant argues that there were any procedural deficiencies with respect to his appeal to the Board of the timeliness issue (e.g., failing to follow administrative-appeals procedures set forth in 38 C.F.R. §§ 19.32 and 19.50), he has made no plausible showing that he was prejudiced by any such deficiencies. *See* 38 U.S.C. § 7261(b)(2); *Mayfield v. Nicholson*, 19 Vet.App. __, No. 02-1077, slip op. at 21-22, 2005 WL 957317, *15 (Apr. 14, 2005). The June 2000 SOC provided to the appellant a written decision by the RO informing him that his 1998 Substantive Appeal was untimely (R. at 213-18); the SOC explained the relevant law and reasons for the determination; and he had a sufficient opportunity to respond to the timeliness issue and did so respond in the July 2000 letter to the Board (R. at 220-28). The appellant received both an RO and Board decision on the timeliness issue, and he was not precluded from finalizing his appeal to the Board on that issue. Moreover, he did not raise to the Board (where he was represented by counsel) or to the Court in his opening or reply briefs, or in his motion for a panel decision, any argument concerning any such procedural deficiencies. The first time he raises such argument is in his motion for reconsideration of the panel opinion, and the Court thus declines to address further that argument at this late stage. *See Costantino v. West*, 12 Vet.App. 517, 521 (1999); *Henderson v. West*, 12 Vet.App. 11, 18-19 (1998).

### IV. Rule 30(b) Letter

In addition, the Court notes that by citing to a case from the U.S. Court of Appeals for the Ninth Circuit the appellant attempts to raise in his Rule 30(b) letter a further new argument concerning an interpretation of the term "submit[ted]" in 38 U.S.C. § 7105(d)(3). *See* App. June 3, 2005, Letter. Because the appellant's letter does not "refer" to a point previously made by the appellant in his pending motion for reconsideration, the Court will direct the Clerk to return the letter to the appellant as a nonqualifying paper. *See* U.S. VET. APP. R. 30(b) (requiring that Rule 30(b) letter refer to page of brief or to point argued orally to which each citation pertains and requiring that letter state without argument reasons for supplemental citation(s)). The Court cautions counsel against engaging in piecemeal litigation. *See, e.g., Burton v. Principi*, 15 Vet.App. 276, 277 (2001) (per curiam order) ("[w]e should not encourage the kind of piecemeal litigation in which the appellant here has engaged"); *Tubianosa v. Derwinski*, 3 Vet.App. 181, 184 (1992) (noting that the appellant "should have developed and presented all of his arguments in his initial pleading"); *Fugere v. Derwinski*, 1 Vet.App. 103, 105 (1990) ("[a]dvancing different arguments at successive stages of the appellate process does not serve the interests of the parties or the Court" because piecemeal litigation hinders the decisionmaking process), *aff'd*, 972 F.2d 331 (Fed. Cir. 1992).

### V. Supplement to January 2005 Court Opinion

Finally, the Court notes that its January 26, 2005, opinion on the timeliness of the Substantive Appeal is directly supported by *Sheppard v. West*, 11 Vet.App. 518, 521-22 (1998), where the Court held that the receipt in February 1996 by the appellant's counsel of a copy of an October 1990 Board decision as part of the designation of the record (DOR) began the running as to that Board decision of the 120-day judicial appeal period under 38 U.S.C. § 7266(a)(1). The Court there found unpersuasive the argument that that copy of the Board decision was not "'flagged' in some way [in the DOR] as still being appealable when he received his copy in February 1996." *Ibid*. The Court

4

sees no significant distinction between the circumstances in *Sheppard* and those pertaining here and notes that neither party here cited to *Sheppard*.

Accordingly, the Court will reaffirm its January 26, 2005, opinion in this case and will supplement that opinion as provided herein.

On consideration of the foregoing, it is

ORDERED that the appellant's motion for reconsideration is granted, that the Court's opinion issued on January 26, 2005, is reaffirmed, and that that opinion is supplemented as provided herein. It is further

ORDERED that the appellant's letter dated June 1, 2005, and received by the Court on June 3, 2005, will not be accepted for filing. The Clerk will return that letter to the appellant's counsel.

DATED:    June 28, 2005               PER CURIAM.