**Damaso GARLEJO, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

No. 91–334.

United States Court of Veterans Appeals.

Submitted Feb. 2, 1992.
Decided July 22, 1992.

Damaso Garlejo, pro se.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, and Adam K. Llewellyn, Washington, D.C., were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and KRAMER and IVERS, Associate Judges.

PER CURIAM:

On October 17, 1991, appellant, Damaso Garlejo, filed a Notice of Appeal from a January 24, 1991, Board of Veterans' Appeals (BVA or Board) decision which denied his reopened claim for service connection for residuals of a forearm shrapnel wound and an increased evaluation for his service-connected left knee shrapnel scars. The Secretary of Veterans Affairs (Secretary), in turn, moved for summary affirmance. On March 4, 1992, the Court ordered the Secretary to respond to seven questions relating to the decision. On May 22, 1992, the Secretary filed a response: with the exception of the Secretary's response to questions two and three, the Secretary's answers are deficient in substance and tone.

The Court's first question invited the Secretary to explain his failure to include in the record, inter alia, pertinent service medical records (SMRs). Applicable statutory law requires review in this Court of BVA decisions to be "on the record of proceedings before the Secretary and the Board". 38 U.S.C. § 7252 (formerly § 4052). Nevertheless, the Secretary's response gave no plausible reason for failing to provide a complete record. He argued— inexplicably—that the Board's summary of pertinent SMRs in its previous decisions was sufficient and that, since the issue in this case concerns whether appellant submitted new and material evidence, copies of the old evidence are unnecessary. Such a

"summary" of evidence is clearly insufficient. If the Board considered the evidence in question, as it surely did here, then such evidence must be included in the record on appeal. To fulfill its statutory mandate as a reviewing court, the Court must review the Board's determination that evidence is not new and material. Review of the "old" evidence is essential to this determination.

The Court's fourth question asked the Secretary to address the effect of the Board's failure to rule on the credibility of appellant's lay evidence as required by *Cartright v. Derwinski*, 2 Vet.App. 24 (1991). The Secretary responded that *Cartright* did not apply to appellant's case since "appellant's bald assertion that he was wounded in the right forearm is a conclusion, not a piece [sic] of evidence." Appellee's Response to Court Order (hereinafter Appellee) at 7. Clearly the Secretary has misread *Cartright*. In *Cartright* the Court held that an appellant's statement, if believed, could serve to place the evidence in equipoise. Appellant's assertion that he was wounded in service is indeed evidence, and the Secretary must rebut it, especially in view of appellant's new evidence documenting x-ray findings of the existence of a foreign body in the right forearm.

Question number five asked whether the Department of Veterans Affairs (formerly the Veterans' Administration) (VA) informed the veteran, after he asserted in his September 29, 1989, letter that soldiers in his company could support his assertions of shrapnel wounds to his elbow, that he should seek out supporting evidence in the form of lay evidence from these soldiers. The Secretary responded that suggesting appellant secure such letters would "at best, give an elderly gentleman false hope and, at worst, be an invitation to suborn perjury." Such a response is bewildering given this Court's holding in *Cartright* to the effect that, in appropriate circumstances, lay evidence alone can establish service connection, and this Court's holding in *Littke v. Derwinski*, 1 Vet.App. 90 (1990) that the duty to assist includes "assisting the claimant in developing pertinent facts, *from whatever* source, ..." *Littke*, 1

Vet.App. at 92 (emphasis added). The Secretary pays veterans little compliment by implying that a request by a veteran for fellow soldiers to attest to any memory they might have of the veteran's condition in service would be "suborning perjury".

In response to the Court's sixth question inquiring as to the effect of the Board's failure to consider, as required by 38 C.F.R. § 4.40 (1991), appellant's assertion that he experienced debilitating pain from his service-connected knee injury, the Secretary stated that appellant never made such an assertion. This response is inconsistent with the record; appellant states in his Form 1–9: "I admit that my shrapnel injury left knee is a [sic] well healed, but inside severe pains are noted everytime I walk". R. at 31.

Finally, the Court asked the Secretary to comment on the effect of the Board's failure to consider appellant's assertion that his disabilities rendered him unemployable. The Secretary responded, "Appellant has no disabilities that are rated as anything but non[-]compensable (zero percent disabling). (R. 24). Therefore, absent some showing sufficient to present a well grounded claim based upon unemployability, the issue simply was not before the Board." Appellee at 8, 9. In *Myers v. Derwinski*, 1 Vet.App. 127, 129 (1991), the Court stated that "it is the claimant's statements on the VA Form 1–9 which often frame[ ] the nature of the appeal to the BVA.... Therefore upon receipt of a VA Form 1–9, the BVA must review all issues which are reasonably raised from a liberal reading of the appellant's substantive appeal." Here, appellant stated in his Form 1–9 that his injuries suffered during war have resulted in his "failure to find a gainful occupation". R. at 31. The Board therefore had a duty to consider whether appellant was unemployable. The Secretary is inaccurate in stating that since appellant has no disabilities currently rated higher than zero, he cannot be considered unemployable. The regulations do not require that a veteran have a compensable rating before permanent and total disability under 38 U.S.C. § 1521 (formerly § 521)

can be considered. 38 C.F.R. § 3.321(b)(1), (2) (1991).

Because the Board failed to rule on the credibility of appellant's lay evidence as required by *Cartright*, and because the Secretary breached his duty to assist the veteran by neglecting to inform him that he might consider asking fellow soldiers to write letters in support of his claim, failing to consider appellant's pain as required by 38 C.F.R. § 4.40, and by neglecting to consider appellant for a non-service-connected pension, the Board's decision is VACATED and REMANDED for proceedings consistent with this opinion.