Harry CROMLEY, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 93–793.

United States Court of Veterans Appeals.

Feb. 7, 1995.

Harry Cromley, pro se.

Mary Lou Keener, Gen. Counsel, Norman G. Cooper, Asst. Gen. Counsel, Thomas A. McLaughlin, Deputy Asst. Gen. Counsel, and Rosalind E. Masciola, Washington, DC, were on the pleadings, for the appellee.

Before NEBEKER, Chief Judge, and MANKIN and HOLDAWAY, Judges.

NEBEKER, Chief Judge:

The appellant, Harry Cromley, appeals a June 14, 1993, Board of Veterans' Appeals (Board or BVA) decision denying him a compensable rating for bilateral defective hearing and an evaluation greater than 10% for tinnitus. The appellant has submitted an informal brief. The Secretary has submitted a motion for summary affirmance. While this appeal does not meet the summary affirmance criteria of *Frankel v. Derwinski*, 1 Vet.App. 23 (1990), as can be seen from the ensuing opinion, we nonetheless do affirm, but remand for adjudication of a claim ignored by the Board.

## I. Facts

The appellant had active service from 1960 to 1964 and 1977 to 1978. Record (R.) at 14–15. His service medical records are devoid of any mention of any problems with his hearing or ears. In 1965, he was denied service connection for bilateral defective hearing with tinnitus. R. at 32. In 1978, the VA determined that in 1966 the provisions establishing presumptive periods for service connection for certain disorders became applicable to veterans with peacetime service. Because the appellant had medical evidence from January 1965 disclosing bilateral neurosensory hearing loss with tinnitus, he was awarded a 10% evaluation for tinnitus and a noncompensable rating for high frequency, bilateral hearing loss effective March 10, 1976. R. at 35.

On August 12, 1986, the appellant went to the VA hospital complaining that a firecracker had exploded next to his ear a week before, causing pain and drainage in that ear. R. at 26. The hospital report noted that his left tympanic membrane was perforated. R. at 27. On August 25, 1986, he submitted a claim for hearing loss, which was presumably treated as a request for an increased rating. R. at 17–20. He was given an examination which diagnosed chronic otitis media. R. at 23. The report noted that he had experienced a sudden worsening of his hearing and also noted that he might have Meniere's disease and that he reported having vertigo on occasion. R. at 23–24. (Meniere's disease is "a disorder of the membranous labyrinth of the inner ear that is marked by recurrent attacks of dizziness, tinnitus, and deafness." WEBSTER'S MEDICAL DESK DICTIONARY 422 (1986).)

In February 1990, the appellant submitted a statement from a private physician in support of his claim for an increased rating for tinnitus. R. at 37. In August 1990, he appealed to the BVA to have his 10% rating for tinnitus made retroactive to 1964. R. at 49. A confirmed rating decision was issued by the VA regional office (RO) in September 1990. R. at 62.

In a September 1991 appeal to the BVA, the appellant first raised the issue of an emotional problem due to his hearing loss. R. at 91. In October 1991, in a Statement in Support of Claim, the appellant raised the issue of Meniere's disease. R. at 89. The appellant testified at a March 1992 personal hearing regarding his hearing problems, *see, e.g.,* R. at 141, and raised the issue of retroactivity for his ratings again, *see, e.g.,* R. at 150. A May 1992 VA examination report stated that in his right ear, "[h]earing [was] within normal limits through 2000 Hz with a moderate to moderately-severe sensori-neural hearing loss for the higher frequencies." R. at 162. The examiner noted that there was moderate sensorineural hearing loss in the higher frequencies in the left ear. *Id.* The examiner diagnosed tinnitus, bilateral sensorineural hearing loss, and vertigo, "with a diagnosis of Meniere's disease by history." R. at 165. His ratings were continued by the RO in June 1992 with no mention of his claims for service connection for a nervous disorder or for Meniere's disease. R. at 167–68.

The most recent examination in the record on appeal is a July 1992 VA examination. R. at 186. The examination report noted the following: "R[igh]t & L[ef]t—high freq[uency] sensorineural type loss! [sic]" and "Vet[eran] [complains of] constantly hearing subjective tinnitus—R[igh]t & L[ef]t!" R. at 190. As a result of this examination, no change was made in the appellant's ratings. R. at 192.

Another personal hearing was granted in January 1993 at which the appellant testified about, inter alia, his difficulty in maintaining a job due to his hearing problems. *See, e.g.,* R. at 228.

## II. Analysis

### A. The presumptive period for hearing loss

■ Where service connection has been in effect for at least ten years, as the appellant's service connection for hearing loss and tinnitus have been, it may not be severed "except upon a showing that the original grant of service connection was based on fraud or it is clearly shown from military records that the person concerned did not have the requisite service or character of discharge." 38 U.S.C. § 1159. There has

been no argument that the original grant was based on fraud or that there was not the requisite military service or character of discharge, nor would the record on appeal support such an argument. However, we take this opportunity to note that hearing loss is not and was not in 1978 a chronic disease entitled to any presumption of service connection despite VA's practice, for no reason that this Court can discern, of treating hearing loss as entitled to a presumptive period. *See Godfrey v. Derwinski,* 2 Vet.App. 352, 354 (1992).

The statute now provides, as it did almost verbatim in 1978, in pertinent part:

> in the case of any veteran who served for ninety days or more during a period of war—
>
> (1) a chronic disease becoming manifest to a degree of 10 percent or more within one year from the date of separation from such service;
>
> . . . .
>
> shall be considered to have been incurred in or aggravated by such service, notwithstanding there is no record of evidence of such disease during the period of service.

38 U.S.C. § 1112(a) (formerly § 312(a)). (This statute, originally applicable only to wartime veterans, was made applicable to veterans who served in peacetime by the operation of 38 U.S.C. § 1137.)

Today's definition of "chronic disease" in the statute contains the same list as appears in the 1978 version, except that one chronic disease, lupus erythematosus, systemic, has been added in the intervening years. 38 U.S.C. § 1101(3) (formerly § 301(3)). While, under the statute, the Secretary has the authority to add to the list of chronic diseases, neither hearing loss nor tinnitus has been added to the current list in the Code of Federal Regulations or was present in the 1978 version. *See* 38 C.F.R. § 3.309 (1993); § 3.309 (1978).

### B. The appellant's hearing loss and tinnitus claims

In its decision, the Board noted the following with regard to the appellant's hearing loss claim:

On VA audiometric examination in July 1992, the veteran's average right ear pure tone air conduction threshold was 38 decibels; his right ear speech recognition ability was 92 percent (level "I"). The veteran's average left ear pure tone air conduction threshold was 34 decibels; his left ear speech recognition ability was 88 percent (level "II"). As the VA test results equate to level "I" hearing for the right ear and level "II" hearing for the left ear, the schedular criteria for a compensable evaluation for bilateral defective hearing are not met.

R. at 8 (citations omitted). *See* 38 C.F.R. § 4.85 (1993). The Board further noted that the May 1992 hearing examination revealed that both ears were at level I. R. at 8. The Board considered the application of an extraschedular evaluation and found that it was not warranted. *Id.*

 Pursuant to 38 U.S.C. § 7261(a), this Court reviews findings of fact under the "clearly erroneous" standard; i.e., "if there is a 'plausible' basis in the record for the factual determinations of the BVA, ... [the Court] cannot overturn them." *Gilbert v. Derwinski,* 1 Vet.App. 49, 53 (1990). We hold that the Board did not commit either factual or legal error in finding that the appellant's hearing loss is noncompensable. The regulations are clear. Under the schedule of ratings, level I and level II hearing are noncompensable. 38 C.F.R. § 4.87 Diagnostic Code (DC) 6100 (1993). Similarly, the Board committed no legal or factual error with regard to the appellant's claim for an increased rating for his tinnitus. As the Board noted, the appellant is already rated at 10%, the highest level possible under the regulations for tinnitus. R. at 8; *see* 38 C.F.R. § 4.87a DC 6260 (1993). Thus, we do not need to, nor do we, address the question of whether a rating, erroneously awarded in the first instance but in place for ten years or more, can ever properly be the subject of an increase.

### C. Service connection for a nervous condition and Meniere's disease

 Finally, we note that the appellant raised issues which the BVA did not address

of service connection for a nervous condition or a personality disorder secondary to his hearing problems and for Meniere's disease. Once an appellant has appealed to the Board, "the BVA must review all issues which are reasonably raised from a liberal reading of the appellant's substantive appeal." *Myers v. Derwinski*, 1 Vet.App. 127, 130 (1991). "Where such review of all documents and oral testimony reasonably reveals that the claimant is seeking a particular benefit, the Board is required to adjudicate the issue of the claimant's entitlement to such a benefit or, if appropriate, to remand the issue to the RO for development and adjudication of the issue." *Suttmann v. Brown*, 5 Vet.App. 127, 132 (1993) (citations omitted). If the claim is well grounded, the BVA cannot ignore it by neglecting to address or acknowledge it. *See Payne v. Derwinski*, 1 Vet.App. 85, 87 (1990); *Butts v. Brown*, 5 Vet.App. 532, 540–41 (1993) (en banc).

 The Board erred in failing to address the appellant's claim for a nervous disorder in connection with his hearing loss and tinnitus. With regard to his claim for a nervous condition or a personality disorder, the following statement by an osteopath, Lonny Matlick, appears in the record on appeal: "I believe [the appellant] has an anxiety disorder related to the hearing loss and tinnitus." R. at 251. That claim was, therefore, well grounded and the Board erred in not addressing the issue in the first instance. Accordingly, we must remand the appellant's claim for a nervous condition or a personality disorder for full development and adjudication. *See Travelstead v. Derwinski*, 1 Vet. App. 344 (1991) ("A failure by the Board to address a relevant issue in a final decision is, in itself, subject to review under 38 U.S.C. § 7252(a) ... since such failure falls within the Court's scope of review....").

 However, we hold that any failure on the part of the BVA to address the claim for Meniere's disease is harmless because that claim is not well grounded. *See* 38 U.S.C. § 7261(b). It is not "a plausible claim, one which is meritorious on its own or capable of substantiation." *Murphy v. Derwinski*, 1 Vet.App. 78, 81 (1990); 38 U.S.C. § 5107(a). There is no medical evidence in the record

linking Meniere's disease to service. The appellant's statement alone is not sufficient to make that claim well grounded since a lay person is not competent to offer evidence requiring medical knowledge. *See Grivois v. Brown*, 6 Vet.App. 136, 140 (1994).

Because the BVA referred the issue of an earlier effective date for service connection for tinnitus to the RO for consideration, that issue is not before this Court.

### III. Conclusion

Accordingly, the Board's decision is AFFIRMED. Since the Board ignored the appellant's claim for service connection for a nervous condition or a personality disorder secondary to his hearing problems, the matter is REMANDED for it to do so.