Damaso D. GARLEJO, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 95–713.

United States Court of Veterans Appeals.

April 29, 1997.

Stephen L. Purcell, Washington, DC, was on the brief, for appellant.

Mary Lou Keener, General Counsel; Ron Garvin, Assistant General Counsel; David W. Engel, Deputy Assistant General Counsel; and Adam K. Llewellyn, Washington, DC, were on the brief, for appellee.

Before NEBEKER, Chief Judge, and FARLEY and IVERS, Judges.

NEBEKER, Chief Judge:

The appellant, Damaso D. Garlejo, appeals a June 7, 1995, Board of Veterans' Appeals (BVA or Board) decision denying an increased rating for his service-connected left knee shrapnel wound scars, currently assessed at 0% disabling, and denying claims for a total rating based on individual disability (TDIU) and degenerative joint disease (DJD). This Court has jurisdiction over this appeal pursuant to 38 U.S.C. § 7266(a). For the reasons that follow, the Court will affirm the decision in part and vacate and remand a matter to the Board for further adjudication.

## I. FACTS

The appellant had recognized guerilla service from February 1945 until November 1945. Record (R.) at 6. On July 2, 1945, the appellant was injured by an exploding grenade. R. at 19, 49. His service medical records note that he was treated for shrapnel wounds of the left knee and that these wounds had completely and properly healed by July 18, 1945. R. at 9. His separation examination in March of 1946 notes a healed scar over the medial side of the left patella bone. *Ibid.* A 1954 VA medical examination notes faint, nonadherent scars on the left knee, but no limitation of motion or functional impairment of the knee was noted. R. at 53. In a January 3, 1955, rating decision, the regional office (RO) granted the appellant service connection for shrapnel wound scars to the left knee but assigned a noncompensable rating. R. at 58. The BVA denied subsequent claims for an increased rating of the left knee injury in October 1979 and September 1988. R. at 77–82, 93–8. In its September 1988 denial, the Board relied on a February 1988 VA medical examination which noted the appellant's left knee scar on the anteromedial aspect as "3/4 inch by 1/4 inch nondepressed, nonadherent, nontender [and] well healed." R. at 88, 96. X-rays showed a well-maintained left knee joint with no abnormal tissue, calcific densities or metallic foreign bodies. R. at 90, 96.

On January 24, 1991, the Board again denied an increased rating for the knee scars and denied service connection for residuals of shrapnel wounds to the right upper forearm. R. at 144. This decision was appealed to this Court. In *Garlejo v. Derwinski,* 2 Vet.App.

619 (1992), the Court remanded the matter to the BVA to consider additional evidence concerning the appellant's forearm wounds, to consider and address the appellant's left knee pain pursuant to 38 C.F.R. § 4.40, and to address a claim for TDIU, raised by the appellant but not addressed in the BVA's January 1991 decision. *Id.* at 620.

After the remand, the VA conducted two medical examinations. In an April 1993 examination, the appellant's left knee was noted as having a nontender, nonadherent, two-centimeter scar. The report noted no damage to the tendons, joints, or nerves; however there was tenderness on palpation over the medial aspect of the left patella. R. at 176–80. During this examination, the appellant was for the first time diagnosed with degenerative joint disease of the left knee. R. at 177. A claim for this disability, while never formally made by the appellant, was incorporated into the June 1993 RO decision, at which time the RO denied service connection for DJD. R. at 189. In a January 1994 rating decision, the RO again denied an increase for the left knee scars and DJD, but granted service connection for residuals of shrapnel wounds to the right forearm, to which it assigned a compensable rating of 10%. R. at 215–18. On September 2, 1994, the BVA referred the claim to the RO for, inter alia, its failure to address 38 C.F.R. § 4.40 and the TDIU claim as instructed by both the BVA and this Court. R. at 246–47.

Another VA medical examination was administered in December 1994. Again, the left knee was found to have a flat, nontender scar. Aside from the residual shrapnel wounds, the appellant was diagnosed with osteoarthritis of the left hip and left knee. R. at 265. The examiner noted that the appellant experienced pain on movement of the left lower extremity and that the appellant was "unemployable because of the pain and limitation of mobility on top of his old age." R. at 264–65. In a January 1995 rating decision, the RO denied an increased rating for the left knee scar and denied the TDIU claim. The RO did, however, grant service connection for a residual of a shrapnel wound of the left buttock, finding this injury to have originated from the same ex-

plosion which injured the appellant's knee and forearm. R. at 272–4. The RO, in its consideration of pain pursuant to 38 C.F.R. § 4.40, determined that any functional loss due to pain was not the result of the appellant's well-healed, service-connected left knee scars. R. at 273. The appellant did not file a Notice of Disagreement (NOD) as to the January 1995 RO rating decision. A Supplemental Statement of the Case was prepared, and the case was finally returned to the BVA pursuant to this Court's 1992 remand.

In the decision here on appeal, the BVA affirmed the RO's denial of an increased rating for the left knee scar. The Board noted that since the granting of service connection for this injury, the appellant's scar had consistently been nontender, not painful, devoid of any keloid formation, herniation, inflammation, swelling, depression, or ulceration. R. at 8–9. In setting forth the reasons and bases for its denial, the Board meticulously documented the appellant's prior medical examinations. The Board noted that the left knee scar was not painful on objective demonstration, although there was tenderness on palpation in 1993. The Board concluded that any pain which the appellant was experiencing in his knee or lower extremities was not the result of the left knee scars. As a result, the Board affirmed the noncompensable rating for the left knee scars. R. at 11. The Board also determined that any claim arising from the diagnosis of DJD was not before the Board because the appellant had failed to file an NOD. R. at 10–11. Similarly, the Board did not address the TDIU claim, stating that, as the appellant failed to file an NOD as to the RO's January 1995 denial of that claim, the issue had not been appealed. R. at 8.

## II. ANALYSIS

### A. The Left Knee Scars

A BVA determination as to the degree of disability is a question of fact which this Court reviews under the "clearly erroneous" standard. *Johnson v. Brown,* 9 Vet. App. 7 (1996); *Martin v. Brown,* 4 Vet.App. 136 (1993). The Court will overturn the decision of the Board if there is no "plausible basis" in the record to support the Board's

determination. *Carpenter v. Brown*, 8 Vet. App. 240 (1995); *Cromley v. Brown*, 7 Vet. App. 376 (1995). The appellant's left knee scars have been consistently rated as non-compensable. In the June 7, 1995, decision, the BVA thoroughly analyzed all of the appellant's past medical records and examinations. Those records consistently reveal that the scars on the appellant's left knee are nontender and nonadherent, that they have no keloid formation, and that they present no other symptom or pathology. Additionally, the record reveals that the scars cause no functional impairment, no limited motion, or in and of themselves, no pain. The Board, in addressing 38 C.F.R. § 4.40, found that any pain or impairment of movement in the left knee was not caused by the scars. Since there is a plausible basis in the record for the BVA's decision, the Court finds no error and will affirm the rating decision for the appellant's left knee scar.

## B. Degenerative Joint Disease

 This Court's appellate jurisdiction derives exclusively from statutory grants of authority provided by Congress and may not be extended beyond that permitted by law. *Holland v. Brown*, 9 Vet.App. 324 (1996); *Skinner v. Derwinski*, 1 Vet.App. 2 (1990). This Court has jurisdiction to review final decisions of the BVA which adversely affect a claimant, provided a Notice of Appeal is timely filed. 38 U.S.C. § 7266(a). The adverse decision in this case was the determination that the claim for DJD was not properly before the Board because the appellant had failed to file an NOD. If the appellant failed to file an NOD, then the DJD issue was not appropriately in appellate status and the Board did not err in its decision. 38 U.S.C. § 7105(c). Whether or not an NOD meets the statutory requisites to initiate appellate review of a particular issue is a question of law which this Court reviews de novo. 38 U.S.C. § 7261(a)(1); *Beyrle v. Brown*, 9 Vet.App. 24 (1996).

 The diagnosis for DJD first appeared in a 1993 medical evaluation conducted after this Court's 1992 remand. The appellant never filed a claim for service connection for this condition. The RO, sua sponte, adjudi-cated it as if there were a claim and denied service connection in June 1993. The Secretary argues that the Board was correct in its determination that the DJD claim was not properly before it because the appellant did not file an NOD. The appellant contends that he did file an NOD, or alternatively, that the Secretary violated his duty to assist the appellant in developing this claim under 38 U.S.C. § 5107(a) (1991). As a threshold issue, however, we must determine whether the appellant submitted a valid NOD as to the RO determination.

The rating decision denying service connection for DJD is dated June 22, 1993. R. at 187–89. The appellant points to a letter sent to the VA on July 30, 1993, as evidence of an NOD. That letter's opening paragraph states:

> This is in connection with my denied claim for service connected disabilities of shrapnel wounds left knee region, right upper forearm and left buttocks which had been the reason that prevented me from engaging to a gainful occupation for me and my family.

R. at 201. An NOD is defined by regulation as "[a] written communication from a claimant or from his or her representative expressing dissatisfaction or disagreement with an adjudicative determination by the [RO] and a desire to contest the result"; it "must be in terms which can be reasonably construed as [expressing] disagreement with *that* determination and a desire for appellate review." *Archbold v. Brown*, 9 Vet.App. 124, 130 (1996) (emphasis added); *Hamilton v. Brown*, 4 Vet.App. 528 (1993) (en banc), *aff'd*, 39 F.3d 1574 (Fed.Cir.1994); *see also* 38 C.F.R. § 20.201 (1995). The June 1993 RO decision denied an increased rating for the left knee scars and denied service connection for (1) a right thigh (buttock) shrapnel wound; (2) a left forearm wound; (3) a residual shrapnel wound, left buttock; (4) degenerative joint disease, left knee; and (5) denied reopening a claim for a residual shrapnel wound, right upper forearm. R. at 189. Even a liberal reading of the appellant's letter does not yield his disagreement with the denial regarding the degenerative joint disease. Therefore, no NOD was ever

filed on the DJD issue and the Board did not err in its refusal to review the RO's determination.

## C. TDIU

 The Board did not address the appellant's claim for TDIU. The Board stated that the appellant needed to file an NOD following the denial by the RO in January 1995. The claim for TDIU was remanded in 1992 by this Court. The BVA first referred it back to the RO in 1993. In 1994, the BVA again referred the TDIU claim because the RO had failed to address that claim as instructed. As this Court has determined, "[t]here can be only one valid NOD as to a particular claim, extending to all subsequent RO and BVA adjudications on the same claim until a *final* RO or BVA decision has been rendered in that matter, or the appeal has been withdrawn by the claimant." *Hamilton,* 4 Vet.App. at 538, *aff'd,* 39 F.3d at 1582–85. This Court held in *Isenbart v. Brown,* 7 Vet.App. 537 (1995), that an NOD could attach to an RO's failure to adjudicate a claim which was properly before it, so long as the NOD could be fairly read as encompassing the RO's failure to adjudicate that particular claim. While *Isenbart* specifically stated that it was limited to its particular facts, this proposition has since taken root. *See Johnston v. Brown,* 10 Vet.App. 80 (1997); *Phillips v. Brown,* 10 Vet.App. 25 (1997); *Slater v. Brown,* 9 Vet.App. 240 (1996).

On June 22, 1993, the RO was under an obligation to adjudicate the claim for TDIU and failed to do so. The appellant's July 30, 1993, letter stated that "[my service-connected disabilities] prevented me from engaging to a gainful occupation for me and my family." The Court holds that this letter fairly encompassed disagreement with the RO's failure to adjudicate the TDIU claim. As a result, the veteran was not required to file any further NOD with respect to this claim and the BVA's failure to review the 1995 adjudication was error.

## III. CONCLUSION

Based on the record on appeal and the briefs of the parties, the decision of the Board of Veterans' Appeals is AFFIRMED as to the claim for an increased rating for the left knee scars and the decision that it lacked jurisdiction over the DJD claim. The Board's decision as to the claim for TDIU is REVERSED and that matter REMANDED to the Board for a decision.