# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 99-794

KENNETH M. CARPENTER,                                         APPELLANT,

    V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS,                               APPELLEE.

Before KRAMER, *Chief Judge*, and FARLEY,
HOLDAWAY, IVERS, STEINBERG, and GREENE, *Judges*.

## O R D E R

On June 21, 2001, the full Court affirmed in part and reversed in part the April 6, 1999, Board of Veterans' Appeals decision which found that the total fees charged by the appellant, Kenneth M. Carpenter, for his representation of veteran, Victor S. Weatherspoon, were excessive and unreasonable. On October 18, 2001, the Secretary filed a motion for reconsideration. The appellant filed a response, urging the Court to reconsider the matter for different reasons. Upon consideration of the foregoing, it is

ORDERED that the Secretary's motion for reconsideration is denied.

DATED:     February 15, 2002          PER CURIAM.

KRAMER, *Chief Judge*, dissenting: For the reasons stated in my dissent to the June 21, 2001, full Court opinion, *Carpenter v. Principi*, 15 Vet.App. 64, 92-97 (2001) (en banc) (Kramer, C.J., dissenting), I voted for reconsideration. In regard to that dissent, I note the recent repeal of section 402 of the Veterans' Judicial Review Act (VJRA), Pub. L. No. 100-687, § 402, 102 Stat. 4107, 4122 (1988) (found at 38 U.S.C. § 7251 note) ("Chapter 72 of title 38, United States Code, . . . shall apply with respect to any case in which a notice of disagreement [(NOD)] is filed . . . on or after [November 18, 1988]"). Veterans Education and Benefits Expansion Act of 2001, Pub. L. No. 107-103, § 603(a), 115 Stat. 976, 999 (2001). Nevertheless, this Court's jurisdiction is derivative generally of the Board of Veterans' Appeals' (Board) jurisdiction, 38 U.S.C. § 7252(a), and, absent original jurisdiction under 38 U.S.C. § 5904(c)(2) or otherwise, it would appear that the Board's jurisdiction is dependent on the appellant's having filed an NOD, 38 U.S.C. § 7105(a), (c); *see Marsh v. West*, 11 Vet.App. 468, 470 (1998); *Garlejo v. Brown*, 10 Vet.App. 229, 232 (1997). Hence, the repeal of VJRA § 402 has not eliminated the Court's need to address this important jurisdictional matter.

STEINBERG, *Judge*, dissenting: I voted to grant full Court reconsideration in this case, for the reasons stated in my dissent to the June 21, 2001, en banc opinion, *Carpenter v. Principi*, 15 Vet.App. 64, 79 (2001) (Steinberg, J., concurring in part and dissenting in part), except for part II.C.1., regarding the Court's jurisdiction in terms of the failure to discuss section 402 of the Veterans' Judicial Review Act, Pub. L. No. 100-687, § 402, 102 Stat. 4105, 4122 (1988) [hereinafter VJRA § 402], which has been repealed by the Veterans Education and Benefits Expansion Act of 2001, Pub. L. No. 107-103, § 603(a), 115 Stat. 976, 999; *see also id.* at § 603(d) (making repeal of VJRA § 402 applicable to all pending and subsequent claims). I therefore respectfully dissent.