STEINBERG, Judge,
concurring:
The Court.has found it unnecessary to address the effect of section 603(a) of the Veterans Education and Benefits Expansion Act of 2001 (VBEA), Pub.L. No. 107-103, § 603(a), 115 Stat. 976, 999, in repealing section 402 of the Veterans’ Judicial Review Act (VJRA), Pub.L. No. 100-687, § 402, 102 Stat. 4105, 4122 (1988) (set forth in 38 U.S.C. § 7251 note). This matter has been addressed, however, by the *378 appellant in his reply brief and by the Secretary in a supplemental brief filed in response to an order of the Court. Because the Secretary has asserted “that the Court does not have jurisdiction over claims ... as [to which] there is no Board decision” (Secretary’s Sept. 26, 2002, Response (Resp.) at 8), I want to set forth my view that this contention and certain other positions taken by the Secretary are not correct.
As a result of the repeal of VJRA § 402, the filing of a Notice of Disagreement (NOD) after November 17, 1988, is no longer a jurisdictional prerequisite for this Court’s jurisdiction over a case where the appeal was filed here on or after December 27, 2001, or where the appeal was filed here before that date but a final decision has not been made by December 27, 2001. VBEA § 603(d). There is no dispute about this conclusion. However, the Secretary goes on to assert that because
a final Board decision is a jurisdictional requirement for the Court, to conclude that the Court may review a claim on the merits without an NOD, [sic] would place the Court in the anomalous position of reviewing [regional office (RO)] decisions which the Board would not have jurisdiction to review.
Resp. at 5. The Secretary’s position that a BVA decision is required on a particular claim or matter in order for this Court to have jurisdiction over such a claim or matter on appeal overlooks the situation, clearly contemplated in our easelaw, where the Board fails to address a claim or a matter over which the Board had jurisdiction by virtue of an NOD as to either an RO’s adverse decision or as to an RO’s failure to address a claim or matter reasonably raised to it. See Fenderson v. West, 12 Vet.App. 119, 131-32 (1999) (ordering Board to direct issuance of Statement of the Case (SOC) where RO failed to issue SOC as to claim after receiving timely filed NOD regarding that claim); Velez v. West, 11 Vet.App. 148, 157 (1998); Garlejo v. Brown, 10 Vet.App. 229, 233 (1997) (citing Johnston v. Brown, 10 Vet.App. 80 (1997); Phillips v. Brown, 10 Vet.App. 25 (1997); Slater v. Brown, 9 Vet.App. 240 (1996); and Isenbart v. Brown, 7 Vet.App. 537, 540-41 (1995)).
In my view, the law at this point, in light of the repeal of VJRA § 402 by VBEA § 603, is that this Court has jurisdiction in any of the following circumstances as to post-December 26, 2001, appeals here or appeals here that were not finally decided by December 27, 2001:
(1) Where the Board has addressed a claim or matter as to which there was a valid NOD as to either an RO’s adverse decision on that claim or matter or as to an RO’s failure to address a claim or matter reasonably raised to it, see 38 U.S.C. § 7266; Fenderson, Velez, and Isenbart, all supra;
(2) where the Board has addressed a claim or matter even though there was no valid NOD as to that claim or matter (the Court could address either the question of the Board’s lack of jurisdiction in light of the 38 U.S.C. § 7105(b) NOD requirement or address the merits of the Board’s action, see 38 U.S.C. § 7252(a)); otherwise, an incorrect, adverse, final Board decision on a claim or matter would be allowed to stand without the possibility of correction through judicial review, see 38 U.S.C. §§ 7252(a), 7266;
(3) where the Board failed to address a claim or matter even though a valid NOD has been filed as to an RO’s adverse decision on that claim or matter or as to an RO’s failure to address a claim or matter reasonably raised to the RO, see Fenderson, Velez, and Isenbart, all supra; and
*379 (4) where the Board failed to refer to an RO a claim or matter raised for the first time to the Board in the course of an appeal of an RO’s action on another claim or matter, see Godfrey v. Brown, 7 Vet.App. 398, 409 (1995); in this situation the Court would have jurisdiction to direct the Board to refer that claim or matter to an RO.