# United States Court of Appeals for the Federal Circuit

05-7168

ELLIS C. SMITH,

Claimant-Appellee,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellant.

Ronald L. Smith, Disabled American Veterans, of Washington, DC, argued for claimant-appellee. Of counsel was Donald E. Purcell.

Claudia Burke, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellant. With her on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Brian M. Simkin, Assistant Director. Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Jamie L. Mueller, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Senior Judge Jonathan R. Steinberg

# United States Court of Appeals for the Federal Circuit

05-7168

ELLIS C. SMITH,

Claimant-Appellee,

v.

R. JAMES NICHOLSON,
Secretary of Veterans Affairs,

Respondent-Appellant.

_____

DECIDED:  June 19, 2006
_____

Before LOURIE, BRYSON, and GAJARSA, Circuit Judges.

LOURIE, Circuit Judge.

The Department of Veterans Affairs (the "DVA") appeals from the decision of the United States Court of Appeals for Veterans Claims (the "Veterans Court") reversing in part, vacating in part, and remanding the decision of the Board of Veterans' Appeals (the "Board"), holding, inter alia, that 38 C.F.R. § 4.25(b) and 38 C.F.R. § 4.87, DC 6260 require the assignment of dual ratings for bilateral tinnitus.  Smith v. DVA, 19 Vet. App. 63 (2005).  Because the Veterans Court erred in not deferring to the DVA's interpretation of its own regulations, we reverse and remand that portion of the court's decision.  No other aspect of the court's decision is on appeal.

BACKGROUND

Smith served on active duty in the U.S. Army from March 1966 to March 1969. A report from an April 1995 VA audiological examination revealed that Smith had tinnitus. In October 1995, a VA regional office ("RO") found that Smith's tinnitus was service connected. However, the RO assigned a noncompensable disability rating to Smith's tinnitus because the evidence did not demonstrate that the tinnitus was "persistent" as required by 38 C.F.R. § 4.87, DC 6260. In April 1999, the RO issued a supplemental statement of the case reaffirming that Smith's tinnitus was not persistent. Prior to June 10, 1999, DC 6260 (hereinafter "pre-1999 DC 6260") provided for a 10% disability rating for a veteran with tinnitus if the evidence demonstrated that the tinnitus was "persistent as a symptom of head injury, concussion, or acoustic trauma." On June 10, 1999, DC 6260 (hereinafter "post-1999 DC 6260") was amended to provide a 10% disability rating for tinnitus if the evidence demonstrated that the tinnitus was "recurrent." 38 C.F.R. § 4.87, DC 6260 (2000).[1] The requirement that tinnitus must be a "symptom of head injury, concussion, or acoustic trauma" was deleted. Consequently, Smith appealed the RO's decision, asserting that his service-connected tinnitus should be evaluated under the post-1999 DC 6260, which requires that his tinnitus be "recurrent," rather than "persistent."

In a December 2000 decision, the Board considered Smith's claim under both the pre-1999 DC 6260 and the post-1999 DC 6260 regulations. With regard to pre-1999 DC 6260, the Board affirmed the RO's decision that Smith's tinnitus was not

---

[1] In May 2003, DC 6260 was further revised to include "Note (2): Assign only a single evaluation for recurrent tinnitus, whether the sound is perceived in one ear, both ears, or in the head." 38 C.F.R. § 4.87, DC 6260 (2004). This revision is not applicable to this case because of its effective date.

05-7168                                        2

"persistent," which the Board defined as "insistently repetitive, or continuous, tenacious, or enduring." Thus, the Board determined that Smith was not entitled to a 10% disability rating prior to June 10, 1999. With regard to post-1999 DC 6260, the Board determined that Smith's tinnitus was "recurrent" and granted him a 10% disability rating, effective June 10, 1999. Smith appealed from the Board's decision, alleging that the evidence demonstrated that his tinnitus was "persistent" under pre-1999 DC 6260 and that the Board misinterpreted both pre-1999 and post-1999 DC 6260 by failing to award a separate 10% disability rating for service-connected tinnitus in each ear.

On June 10, 2003, the Veterans Court reversed in part, vacated in part and remanded the Board's decision. Smith v. Principi, 17 Vet. App. 168 (2003). First, the court reversed the Board's conclusion that Smith's tinnitus was not "persistent" as required by pre-1999 DC 6260, concluding that the Board's decision was "arbitrary, capricious, and an abuse of discretion," and remanded for assignment of a 10% disability rating and determination of an appropriate effective date. Second, the court vacated the portion of the Board's decision that denied two disability ratings for Smith's service-connected tinnitus, one for each ear, and remanded for the Board to consider whether a single 10% rating is appropriate for bilateral tinnitus under 38 C.F.R. § 4.25(b), which provides that "disabilities arising from a single disease entity . . . are to be rated separately." Id.

The DVA moved without opposition to vacate the Veterans Court's decision and remand the case for further proceedings consistent with this court's recent decision in Wanner v. Principi, 370 F.3d 1124 (Fed. Cir. 2004). In Wanner, we had reversed a Veterans Court's decision, concluding that it lacked jurisdiction to review the content of

a rating schedule. Because the Veterans Court in this case relied heavily on its decision in Wanner, we reversed the court's determination that it had jurisdiction in this case and remanded for further proceedings consistent with our decision in Wanner. Smith v. Principi, 108 Fed. Appx. 628 (Fed. Cir. 2004).

On remand, the Veterans Court first held that it had jurisdiction to review both the Board's interpretation of the term "persistent" in pre-1999 DC 6260 and whether § 4.25(b) permits dual ratings for tinnitus. The Veterans Court reasoned that its review of regulations DC 6260 and § 4.25(b) did not involve evaluating the content of a rating schedule, but rather an interpretation of language in the regulations, subject matter over which the Veterans Court has jurisdiction. The Veterans Court then vacated the Board's decision with regard to the term "persistent" under pre-1999 DC 6260 and remanded to the Board for an explanation of its interpretation of the term "persistent." With regard to the question whether pre-1999 and post-1999 DC 6260 permit dual ratings for tinnitus, the court reversed the Board's decision that DC 6260 did not authorize the assignment of two 10% ratings for bilateral tinnitus and determined that regulations § 4.25(b) and DC 6260 required such dual ratings for bilateral tinnitus. The Veterans Court observed that the DVA's interpretation of its regulations, DC 6260 and § 4.25(b), conflicted with their plain meaning. The Veterans Court noted that DC 6260 lists tinnitus as a "disease of the ear" and that § 4.25(b) provides for a separate rating for each service-connected disability arising from a single disease, unless otherwise provided. Thus, the Veterans Court determined that a "plain reading" of those regulations taken together results in a "rating of 10% for each ear affected by a single case of tinnitus." Smith v. DVA, 19 Vet. App. at 75. The Veterans Court then

remanded for the Board to consider whether Smith had bilateral tinnitus, and, if so, for assignment of a dual rating.

The DVA timely appealed the Veterans Court's decision regarding whether the regulations permit a dual rating for bilateral tinnitus, and, as we explain below, we have jurisdiction pursuant to 38 U.S.C. § 7292(a).

## DISCUSSION

The scope of our review of a Veterans Court's decision is limited by statute. 38 U.S.C. § 7292. Under § 7292(a), we may review a decision by the Veterans Court with respect to the validity of "any statute or regulation . . . of any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." This appeal involves the Veterans Court's interpretation of certain DVA regulations, and therefore we normally would have jurisdiction to consider that interpretation under § 7292(a). We review interpretation of regulations by the Veterans Court <u>de novo</u> and may set aside any regulation or interpretation of a regulation that we find to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to a constitutional right, power, privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or without observation of a procedure required by law. 38 U.S.C. 7292(d)(1); <u>Wanner</u>, 370 F.3d at 1128.

As an initial matter, however, we must consider whether we have jurisdiction to hear this appeal at this time. We conclude that we do and agree with the DVA that, even though the Veterans Court remanded the case to the Board, we have jurisdiction over this appeal under the principles set forth in <u>Williams v. Principi</u>, 275 F.3d 1361

(Fed. Cir. 2002).[2] Generally, we do not have jurisdiction to review non-final judgments. Adams v. Principi, 256 F.3d 1318, 1320 (Fed. Cir. 2001). We have determined that a remand order from the Veterans Court is not considered a final judgment and hence is usually not appealable. Id. In Williams, however, we set forth an exception to the general rule that non-final decisions are not reviewable. As we explained in Williams:

> We will depart from the strict rule of finality when the Court of Appeals for Veterans Claims has remanded for further proceedings only if three conditions are satisfied: (1) there must have been a clear and final decision of a legal issue that (a) is separate from the remand proceedings, (b) will directly govern the remand proceedings or, (c) if reversed by this court, would render the remand proceedings unnecessary; (2) the resolution of the legal issues must adversely affect the party seeking review; and, (3) there must be a substantial risk that the decision would not survive a remand, i.e., that the remand proceeding may moot the issue.

275 F.3d at 1364 (footnotes omitted).

With regard to the first condition, the Veterans Court interpreted regulations § 4.25(b) and DC 6260, concluding that they require a dual rating for bilateral tinnitus, and remanding to determine if Smith has bilateral tinnitus. Thus, a clear final decision was rendered on a legal issue—the interpretation of the regulations—and that interpretation will directly govern the remand proceedings. In addition, our reversal of that interpretation would render the remand order unnecessary because, if we determine that the DVA's interpretation is correct and that the regulations provide for a single 10% disability rating for tinnitus, then determining whether Smith's tinnitus is bilateral will be irrelevant, as he will not be entitled to a rating greater than 10%. With regard to the second condition, the interpretation of regulations § 4.25(b) and DC 6260 by the Veterans Court adversely affects the party seeking review, the DVA, because the

---

[2] Smith does not in fact dispute that we have jurisdiction under Williams.

court's interpretation requires the DVA to issue a disability rating for bilateral tinnitus contrary to its interpretation of the regulations. Finally, as for the third condition, the remand proceeding, if not appealed now, would moot the legal issue because, if the Board on remand applied the Veterans Court's interpretation of regulations § 4.25(b) and DC 6260 and granted Smith the benefit he seeks under that interpretation, the DVA would be precluded from appealing that action. See 38 U.S.C. § 7252(a) (providing that the Veterans Court "shall have exclusive jurisdiction to review decision of the Board of Veterans' Appeals. The Secretary may not seek review of any such decision."). Accordingly, we conclude that we have jurisdiction to review the decision of the Veterans Court under Williams.

Turning to the merits of the appeal, this case presents an issue with consequences well beyond this case—whether the Veterans Court correctly interpreted DVA regulations DC 6260 and § 4.25(b) to require dual (separate) 10% ratings for bilateral tinnitus. We understand that many appeals are pending, and have been stayed, that will likely be governed by our decision.

The DVA asserts that the Veterans Court's interpretation contradicts the DVA's interpretation of its own regulations, and that the Veterans Court erred by not deferring to the DVA's interpretation of its own regulations. The DVA contends that it has interpreted § 4.25(b) and DC 6260 to permit a single rating for tinnitus, irrespective of whether the disease affects both ears, and that it has been the standard practice of the DVA to award a veteran with bilateral tinnitus a single disability rating under DC 6260. According to the DVA, its interpretation of those regulations is a reasonable one as it is supported by medical evidence and is embodied in numerous public documents. The

DVA asserts that the regulations do not clearly address whether a veteran is entitled to two separate ratings for bilateral tinnitus, and that its own interpretation of the regulations is not inconsistent with the regulation. Because the DVA's interpretation of its own regulations is not plainly inconsistent with the regulations, the DVA contends that its interpretation is entitled to substantial deference by the Veterans Court. Finally, the DVA observes that the addition of Note 2 to DC 6260 was not a substantive change to the regulation; in fact, it reflects the DVA's past practice of awarding a single rating for bilateral tinnitus.

Smith responds that the Veterans Court correctly determined that the plain meaning of the regulations entitles him to two separate disability ratings for service-connected tinnitus affecting both ears. According to Smith, DC 6260 refers to tinnitus as a "disease of the ear." Accordingly, if the disease, i.e., tinnitus, results in a disability in both ears, then the plain language of § 4.25(b) entitles the veteran to two separate 10% ratings. In addition, if the DVA intended to provide for one rating for a disease with two disabilities, it would do so expressly in a regulation. Smith also responds that the Veterans Court was correct in not deferring to the DVA's interpretation of its regulation because that interpretation is inconsistent with the regulation's plain meaning. Moreover, Smith observes that the DVA's interpretation of its own regulations is found only in unpublished opinions or litigating documents, which are not entitled to deference. According to Smith, the DVA did not publish its interpretation of DC 6260 until it added Note 2 to DC 6260 in 2003, and that interpretation cannot be applied retroactively.

We agree with the DVA that the Veterans Court erred by not deferring to the DVA's interpretation of its own regulations.   At issue is the interpretation of language in regulations, not statutes.  The relevant regulations are as follows:

§ 4.25 Combined ratings table.

(b) <u>Except as otherwise provided in this schedule, the disabilities arising from a single disease entity</u>, e.g., arthritis, multiple sclerosis, cerebrovascular accident, etc., <u>are to be rated separately</u> as are all other disabling conditions, if any.  All disabilities are then to be combined as described in paragraph (a) of this section.

38 C.F.R. § 4.25(b) (emphasis added).

§ 4.87 Schedule of ratings--ear.

DISEASES OF THE EAR                                             Rating

6260 Tinnitus:
        Persistent as a symptom of head injury, concussion
        or acoustic trauma………………………………………10

Effective from June 10, 1999, the DVA amended 6260 to provide:

6260 Tinnitus, recurrent………………………………………....10

38 C.F.R. § 4.87, DC 6269 (2000).

The Supreme Court has held that an agency's interpretation of its own regulations is entitled to substantial deference by the courts.  <u>See</u> <u>United States v. Cleveland Indians Baseball Co.</u>, 532 U.S. 200 (2001); <u>Auer v. Robbins</u>, 519 U.S. 452, 461-62 (1997); <u>Thomas Jefferson Univ. v. Shalala</u>, 512 U.S. 504, 512 (1994); <u>Martin v. Occupational Safety & Health Review Comm'n</u>, 499 U.S. 144, 151 (1991); <u>Udall v. Tallman</u>, 380 U.S. 1, 16 (1965).  As the Court has further recognized, when a court is interpreting an administrative regulation, it "must necessarily look to the administrative construction of the regulation if the meaning of the words used is in doubt."   <u>Bowles v.</u>

<u>Seminole Rock & Sand Co.</u>, 325 U.S. 410, 414 (1945).  The administrative construction becomes "of controlling weight unless it is plainly erroneous or inconsistent with the regulation." <u>Id.</u>  In addition, such deference is afforded to an agency's interpretation of its own regulations even when that interpretation is offered in informal rulings such as in a litigating document.  <u>Auer</u>, 519 U.S. at 461; <u>Cathedral Candle Co. v. U.S. Int'l Trade Comm'n</u>, 400 F.3d 1353, 1363-64 (Fed. Cir. 2005); <u>Am. Express Co. v. United States</u>, 262 F.3d 1376, 1382-83 (Fed. Cir. 2001).

Applying those principles to this case, we conclude that the Veterans Court erred in not deferring to the DVA's interpretation of its own regulations, § 4.25(b) and DC 6260, which limits a veteran to a single disability rating for tinnitus, regardless whether the tinnitus is unilateral or bilateral.  First, we consider whether the language of the regulations § 4.25(b) and DC 6260 leaves "in doubt" whether tinnitus in each ear constitutes separate disabilities.  We conclude that it does.  Section 4.25(b) provides that "[e]xcept as otherwise provided in this schedule, the disabilities arising from a single disease entity . . . are to be rated separately as are all other disabling conditions, if any."  38 C.F.R. § 4.25(b). Thus, § 4.25(b) is a general rule requiring separate disability ratings for each disability arising from a single disease.  The question here is whether tinnitus in both ears constitutes separate disabilities.  The Veterans Court observed that under DC 6260, tinnitus is listed as a disease of the ear, implicating § 4.25(b), which also uses the term "disease."  But, while tinnitus is listed under the heading "diseases of the ear," DC 6260 does not address whether tinnitus, as perceived in one ear, two ears, or otherwise, is a single disability.  The plain language of regulations § 4.25(b) and DC 6260 clearly does not resolve that question.

The Veterans Court determined that the meaning of the regulations is clear, leaving no doubt that dual ratings for bilateral tinnitus are required under the regulations. We do not agree with the Veterans Court's analysis. According to the Veterans Court, "nothing in the rating schedule limits a veteran with tinnitus in both ears to only one rating"; the court thus concluded that the "plain reading and application of § 4.25(b) and DC 6260 results in a rating of 10% for each ear affected by a single case of tinnitus." Smith v. DVA, 19 Vet. App. at 75. As the DVA observed, however, the Veterans Court necessarily presumed that tinnitus in one ear constitutes one disability, and that tinnitus in two ears constitutes two disabilities. Without such an assumption, however, which the DVA has reasonably rejected as not supported by the text of the regulations, the plain language of the regulations still leaves the pertinent inquiry unresolved and does not compel the conclusion that tinnitus in two ears constitutes two disabilities. Because the regulations here leave in doubt whether tinnitus in each ear can be a separate disability, they are ambiguous, and the DVA was entitled to apply its own construction to the ambiguous regulations.

Having concluded that the regulations leave the pertinent inquiry unresolved, deference must be afforded to the DVA's interpretation as long as that interpretation is not "plainly erroneous or inconsistent with the regulations." Thus, we must also consider whether the DVA's interpretation of the regulations—that tinnitus in both ears is one disability—is "plainly erroneous or inconsistent with the regulations"; we determine that it is not. The DVA argues that its interpretation that tinnitus constitutes both a disease and a disability is founded upon its analysis of medical principles. Although we do not evaluate those principles, there is a lack of evidence in the record

that the DVA's interpretation is plainly erroneous. The DVA's interpretation is also not inconsistent with the regulations, as the regulations do not address whether tinnitus is one disability.

There is also "no reason to suspect that the interpretation does not reflect the agency's fair and considered judgment on the matter in question" and it is entitled to deference. Auer, 519 U.S. at 462. Smith argues that the DVA's interpretation is expressed in unpublished statements or in litigating positions, neither of which gives notice to the public or is entitled to deference. We disagree. First, the DVA has consistently interpreted the regulations to allow a maximum 10% disability rating for tinnitus, and that interpretation is reflected in various public documents. See e.g., Cromley v. Brown, 7 Vet. App. 376, 378 (1995) ("As the Board noted, the appellant is already rated at 10%, the highest level possible under the regulations for tinnitus."); Wanner, 17 Vet. App. at 9 (quoting the Board's statement that its 10% disability rating to a veteran "remains the maximum disability rating available under [DC 6260]"); VAOPGCPREC 2-2003 ("Diagnostic Code 6260 (currently codified at 38 C.F.R. § 4.87), as in effect prior to June 10, 1999 . . . authorized a single 10% disability rating for tinnitus, regardless of whether tinnitus is perceived as unilateral, bilateral, or in the head."); 67 Fed. Reg. 59,033 (Sept. 19, 2002) (stating, in connection with the proposed addition of Note 2, that the amendment making explicit that tinnitus receives a single evaluation, "whether the sound is perceived in one ear, both ears, or in the head" involves "no substantive change and is consistent with current practice").[3]

---

[3] Board decisions that reflect the DVA's interpretation of DC 6260 and § 4.25(b) as authorizing a maximum 10% rating for tinnitus are publicly available through the Board's internet decision database. See e.g., Citation No. 9630919, Docket No. 95-

Second, and more importantly, even if the DVA's interpretation were not reflected in published documents and was only reflected in litigating documents, that would still not be a basis for declining to defer to the agency's interpretation of its own regulation. In Auer, the Supreme Court afforded deference to an agency's interpretation of its regulations even when that interpretation was first expressed in an amicus brief to the Court. 519 U.S. at 461. Contrary to Chevron deference, which applies to an agency's interpretation of a statute and generally requires relatively formal administrative procedures such as notice and comment rulemaking or formal adjudication, an agency's interpretation of its regulations does not require observance of those formalities in order to be afforded deference. Thus, the Veterans Court erred in not deferring to the DVA's interpretation of its own regulations.

## CONCLUSION

Because the Veterans Court erred in not deferring to the agency's reasonable interpretation of its own regulations, we reverse the decision of the Veterans Court and remand for proceedings consistent with our decision.

## REVERSED AND REMANDED.

---

09 946 (Oct. 30, 1996); Docket No. 93-22 991 (Sept. 15, 1999); Citation No. 9932638, Docket No. 95-27 246 (Nov. 18, 1999).